## Duncan, et al. v. Berry's Adm'r, et al.

(Decided February 9, 1911.)

## Appeal from Henry Circuit Court.

Wills—Construction of Wills—Proper Manner of Construction—Intention of Testator.—The proper manner in which to construe a will is to construe all the parts together as a consistent whole, and to ascertain, if possible, the intention of the testator. According to this rule of construction, where a will bequeathed to Thomas and Alice Duncan "the hotel and all my personal property, including furniture in said hotel, also my horse and buggy to Alice Duncan," the words "all my personal property" referred to all such property contained in the hotel.

E. B. BEARD and R. D. JACKSON for appellants.

MOODY & BARBOUR for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The issue involved on this appeal is the construction of the will of W. G. Berry. The controversy is between appellants, Thomas and Alice Duncan, devisees but not heirs of W. G. Berry, and his legal heirs. The will is as follows:

"I, W. G. Berry being of sound mind and disposing memory do ordain and publish this as my last will testament:

"First, I desire all of my just and lawful debts paid.

"Second, I will and bequeath to Thomas and Alice Duncan, his wife, the hotel and all my person property including furniture in said hotel, also my horse and buggy to Alice Duncan.

"Third, I will and bequeath to my sister, Margaret Moore, five hundred dollars.

"Fourth, I also bequeath to my neice, Josie Berry, two hundred dollars.

"Fifth, to my neice, Mary Golden Webb, of Louisville, one hundred dollars.

"Sixth, to my nephew, Willett, one hundred dollars.

"Seventh, to my nephew, W T. Hanks, one hundred dollars.

"Eighth, I desire to have a stone placed at my grave a stone as near as may be to the one at my wife's grave.

"Ninth, I desire fifty dollars to be invested in bank stock, the dividends to be applied each year and paid to

the sexton of the cemetery for keeping my lots in said cemetery.

"Tenth, I also desire after the above bequeaths have been settled if there is remaining enough, I set aside fifty dollars to be invested in bank stock, the dividens paid to the Baptist Church at Campbellsburg, as my wife was a member of same.

"Eleventh, Also fifty dollars invested in bank stock, the dividend to be applied to the Methodist Church at Campbellsburg. I hereby revoke all previous wills hereby made by me, this April 4th, 1906."

The testator, at the time of the making of the will and at the time of his death, owned the hotel referred to and a part of the furniture therein, a horse and buggy, fourteen or fifteen shares of bank stock and left thirty or forty dollars deposited in the bank. The bank stock was sold and brought about $2,800.00. After paying out the estate according to the will referred to, the executor had about $1,200.00 left, and he brought this action to have the court determine to whom this $1,200.00 belonged. Appellants claimed it under the will, and Berry's legal heirs, the children of his brother and two half sisters, claimed it. The lower court decided that it belonged to the heirs and the Duncans have appealed. The Duncans claim the money under the second clause of the will, wherein he said: "I will and bequeath to Thomas and Alice Duncan his wife the hotel and all my person property including furniture in said hotel," &c. Appellees, the heirs of Berry, claim it upon the ground that it is undevised property. This court has often decided that the proper manner in which to construe a will is to consider all the parts together as one consistent whole, and to ascertain, if possible, the intention of the testator. According to this rule of construction, we are of the opinion that when he used the words "all my personal property" in the second clause of his will, he referred to all of such property contained in the hotel. If this is not true, why did he use the language contained in clauses ten and eleven? He said in each of them, after directing that the previous bequests be complied with, that if there was enough remaining he wanted $50.00 set aside to buy bank stock, the dividends to be paid to the Baptist Church of Campbellsburg and also $50.00 invested in bank stock, the dividends to be paid to the Methodist Church of the same place. If he had given appellants all of his personal property by the second clause of the will, there

would have been nothing left for the churches, as they were not to receive anything in case there was nothing left. Clauses ten and eleven would have no meaning if the will were construed as contended for by appellants. There is another line of authorities which require the court to so construe, if possible, as to give all parts of a will some meaning, and to do this we must find that the words used in the second clause of the will, applied alone to the personal property contained within the hotel.

We are of the opinion that the lower court construed the will correctly, and the judgment is, therefore, affirmed.