## Hayman, et al v. Morgan and Hayman, et al.

(Decided May 9, 1912.)

### Appeal from Fayette Circuit Court.

1. Wills—Construction of—Intent of Testator.—In the will in controversy the testator declared his intent that the interest of each of his children who survived him should be absolute. At the time of his death they were, and are yet alive, and the chancellor properly adjudged them the fee simple, the absolute estate.

2. Wills.—The further provision of the will disposing of his property absolutely to his twin brother in case of testator's death, no issue surviving, establishes as well his purpose to fix the time of his death as the end of all defeasances or contingencies.

GEORGE T. GESS, GEORGE C. WEBB for appellants.

E. L. HUTCHINSON, ALLEN & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

This appeal is from a judgment construing the following clause of the will of John Q. A. Hayman:

"I will and bequeath all my estate of every kind just as the law of Kentucky fixes the right of my widow and children at the time of my death, but I want the share of my daughter to become her separate estate free from the control of her present or any other husband she may

hereafter have. Upon the death of one of my children his or her share of my estate shall go to his or her child or children if any—if none of them to my other child. The interest of each of my children (who survives me) in my estate, shall become absolute. If I should die leaving no child surviving me nor any descendant of either of them living at the time of my death, subject to my widow's right in my estate as fixed by said law of Kentucky, I leave all of my estate of any kind to Henry C. Hayman, of Van Buren, Arkansas, my twin brother."

At the time of the testator's death his two children, E. B. Hayman and Lizette B. Morgan were, and yet are, alive. Testator's wife died before his death. John H. Hayman and Edward B. Hayman are the only children of E. B. Hayman. Lizette B. Morgan is childless. The circuit court, upon construction, held that under these facts, E. B. Hayman and Lizette B. Morgan took his property in fee simple at his death. The children of E. B. Hayman appeal, claiming that E. B. Hayman and Lizette B. Morgan each took an estate in the property, subject to defeasance at any time by his or her death at any time without descendants.

The record has been briefed exhaustively and thoroughly; and practically all the numerous Kentucky cases have been cited and analyzed. They all come back to the primal rule that intent is the pole-star of construction. All the technical rules and all the legal learning that have been built up in the courts for the construction of obscure wills are meant to elucidate, and not to contradict, the intent. If the intent is clear without resort to technical rules, that is the end of the matter. In the case at bar the testator declared his intent that the interest of each of his children who survive him should be absolute. Absolute means absolute. His two children did survive him; and the chancellor properly adjudged them the fee-simple, the absolute, estate. The property was devised to them as the law of Kentucky "fixes" at the time of the testator's death; i. e., the wife having died, the property went to the children absolutely. The testator's expressed intent that his estate should become absolute in his children at the time of his death shows as well that his intent that the provisions "Upon the death of one of my children his or her share of my estate shall go to his or her child or children, if any, if none, then to my other child," should

refer to such death before the testator's death.  The
further provision of his will disposing of his property
absolutely to his twin brother in case of his death, no
issue surviving, establishes as well his purpose to fix
the time of his death as the end of all defeasances or
contingencies.

    Judgment affirmed.