## Fowler, By et al. v. Mercer's Executor, et al.

(Decided May 23, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Wills—Construction.—A will being explicit and the meaning of the language used not being obscure, rules of construction meant to elucidate cannot be employed to contradict the terms of the will.

2. Wills—Construction.—That the plain and unambiguous provision made by a will does not accomplish what was expected of it by the testator, affords no reason for enlargement under the guise of construction of the only provision made.

3. Wills—Construction.—Courts are not authorized to give to a will any construction other than that which is justified by a fair interpretation of the wording and language of the will itself even though they may be of the opinion the testator did not intend to say what he did say.

WM. T. BASKETT and CHAS. H. WICKLIFFE for appellants.

JOHN STITES for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This appeal involves the authority of the trustees, The Louisville Trust Company, to sell real estate and use the proceeds for maintenance of the beneficiaries under clauses I. and V. of the will of Mary Mercer, which are as follows:

"First. I appoint The Louisville Trust Company executor of this my will, and direct it to pay all of my just debts and funeral expenses as soon after my death as practicable, and authorize my said executor to sell, and by proper deed to convey to the purchaser, any real estate that I may own at my death, and to sell, assign and transfer any personal property of any kind that I may own at my death."

"Fifth. I bequeath to The Louisville Trust Company as trustee for Beatrice and Margaret Fowler, and Robt. Fowler, children of my deceased nephew, James Fowler, my house and lot, No. 210 S. 13th street, 23½x95 feet, between Market and Jefferson streets; also my house and lot, No. 1839 N. E. Corner 19th and Jefferson streets and No. 221 19th street, both houses being on lot 30x130 feet; the net income, as collected, to be paid by

said trust company to said three beneficiaries, and when Robert Fowler attains the age of twenty-one years, the said trustee shall sell said property under the powers herein above given, and shall divide the proceeds equally among them. If any of them are then dead, leaving issue, such issue to take the parent's share; if any of them are dead, leaving no issue, said proceeds are to be divided among the survivors, or the issue of any theretofore leaving any.''

The suit was filed by the three beneficiaries, Robert, Beatrice and Margaret Fowler, who are respectively fourteen, sixteen and nineteen years of age, suing by their next friend, Louisa Fowler. The petition alleges in substance that the plaintiffs are grandnephew and grandnieces of Mary Mercer; that their mother and father are dead; that they have no property or income other than that to which they are entitled under said will; that Robert and Beatrice, because of their youth, and Margaret because of her mental and physical infirmities are incapable of earning a livelihood; that they are entirely dependent for support upon the provisions made for them under said will; that the said Mary Mercer during her lifetime provided for them, and it was her intention by the provisions of her will in the two clauses above quoted to make provision for their support and education after her death; that when the will was drawn and at the time of her death the three pieces of property described in the fifth clause of her will were rented and producing a net income of about $55.00 per month, which was sufficient to support and educate them; that since the death of the testatrix and for reasons that she could not have anticipated, the property at 210 Thirteenth street has become vacant with no prospect of being rented under present conditions; that under these conditions this property has but little salable value, but has a large prospective salable value, and it therefore ought not now to be sold; that the net income from the other two pieces of property amounts to only $9.75 per month, which is totally inadequate to support or educate plaintiffs.

The prayer of the petition asks the sale of either of the other two pieces of property by the trustee, and that it be authorized and directed to use the proceeds thereof for the maintenance and education of appellants.

The appellee, trust company, which was defendant below, answered admitting the allegations of the petition and alleged in the fourth paragraph that it would be for the best interest of appellants to sell one piece of property and to use the proceeds arising therefrom for their benefit, and expressed a willingness to do so if it as executor or as trustee was so directed by the court, but alleging by virtue of clause five, aforesaid, of the will, that neither in the capacity of executor nor trustee could it sell said property at the present time, and that only the net income from the property could be used for appellants, and denying the authority of the court under the will to order either a sale of the property or the use of the proceeds for the benefit of appellants. To this fourth paragraph of the answer appellants entered a demurrer which was overruled by the court, to which appellants excepted and declining to plead further, their petition was dismissed, and they have prosecuted this appeal.

Applying to this will the rules of construction suggested by counsel for appellants that the chief purpose shall be to ascertain and give effect to the intention of the maker in executing the will, and in doing so the will shall be considered as a whole, care being taken to give effect to each clause thereof where it is possible to do so, and that in arriving at the intention of the testatrix the circumstances surrounding her at the time of her death, her relation to the beneficiaries, the nature and extent of the property devised and the language of the will are all to be taken into consideration, the conclusion is imperative that by the first clause the testatrix intended to charge her property with the payment of her debts, and to accomplish that end, but for that purpose only, empowered the executor to sell any or all of her property including her real estate. This is evident from the fact that in the subsequent clauses of the will she disposed of her real estate in kind, which is inconsistent with general authority to sell by the executor except to pay debts, and rendered certain by the further fact that in clause five she gave special authority to sell the trust property at a definite future time, and in clause seven authorized upon a certain contingency the sale of one piece of the property placed in trust for appellants under clause five "during the continuance of the trust."

If general authority of sale at any time was given under section one, why special authority thereafter to sell the three pieces of property at the expiration of the trust and one of the three at a prior time upon certain conditions? Sections one, five and seven read together refute conclusively the authority of the trustee to sell the trust property except upon the terms of clauses five and seven.

As to the meaning of the fifth clause, assuming it was intended by testatrix to provide a means for the support and education of appellants and circumstances not contemplated by her have developed since her death that render inefficient the means provided to accomplish her desires, we are nevertheless confronted with the fact that she limited by clear and unmistakable terms the use and disposition of the property set apart for appellants benefit. She did not will the property itself to appellants but vested the title in appellee, and by no rule of construction could the will be held to vest in appellants a fee in the real estate. Whatever reasons prompted her, and no matter what end she had in mind, she only gave to appellants the net income from the property until Robert Fowler attains his majority, when, and not until then, the appellants, or the survivors and the issue of such as may have previously died, are to receive the proceeds of a sale of the property to be made then by the trustee, from which it results appellants' interest in the corpus of the trust fund depends upon their survival until Robert is 21 years old.

Appellants have no interest or right in the property except such as are bestowed by the will. Testatrix was the donor and had the right to prescribe the terms upon which the gift was made. Having done so the courts are without power to provide another way even though they might provide a better means of accomplishing one of her evident purposes in making the will; for to do so would not be to construe the will made by testatrix, but would be to make a new will for her on the ground that it was the opinion of the court that what she desired to do could be more efficiently done in some other way than the one she had provided. This, of course, the courts have no authority to do. As said in Howard vs. Cole, 124 Ky. 816:

"The real question in each case is not 'what did the testator mean or intend to say' but, 'what is meant by

what he said.'' Courts may frequently be of opinion that he did not intend to say what he did say, but they are not thereby authorized to give to the will any construction other than that which is justified by a fair interpretation of the wording and language of the will itself.''

The will is explicit, does not authorize a sale of the property sought to be sold until a fixed time and sets apart only the income from the property for the present benefit of appellants; that the provision thus made does not accomplish what was expected of it, affords no reason for enlargement, under the guise of construction, of the only provision made. Louisville Trust Co. vs. Southern Bap. Theo. Sem., 148 Ky. 711; Offutt vs. Divine's Extr., 53 S. W. 816. And the will being explicit and the meaning of the language used being involved in no obscurity, rules of construction meant to elucidate cannot be employed to contradict the terms of the will. Hayman, et al. vs. Morgan, et al., 148 Ky. 230; Todd's Gdn., &c. v. Todd's Admrs., &c., 155 Ky. 209; Thackston vs. Watson, 84 Ky. 206; Page on Wills, Section 461.

However much we may deplore the present condition of appellants and regret that the testatrix in the bestowal of her bounty did not do so in a different way, we, nevertheless, are without authority to add to or subtract from her will so as to permit a sale of the property and the use of its proceeds as sought by appellants.

Wherefore, the judgment is affirmed.