## Moorehouse et al. v. Marcum et al.

Oct. 21, 1941.

O. B. Bertram and G. J. Rice for appellants.

Mather & Mather and H. S. Robinson for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal involves the construction of the will of A. S. Bland, which is in words and figures as follows:
"In the name of God Amen:

"I, A. S. Bland, do hereby make this my last will and testament in manner and form as follows; viz:

"1st: I want all my just debts and funeral expenses paid.

"2nd: I will and bequeath all my real and personal estate to my wife, Birdie Bland, long as she remains my widow, if she remarries, then in that event my said wife is to have one-third (1/3) of my estate.

"3rd: At the death of my wife, or her remarriage, then I will the remainder of my property, real, personal and mixed to be equally divided between my five children.

"4th: I appoint my wife, Birdie Bland, as executrix of my will and no bond or security is to be required of her."

The will was, by order of the Taylor county court, at its January, 1934, term admitted to probate and testator's widow, Birdie Bland, was, in harmony with its directions, duly appointed and qualified as executrix without bond.

Executrix having been by clause 2 of the will bequeathed by her husband all his real and personal estate so long as she remained his widow, she thereupon took possession of all of his estate, a part of which she disposed of and paid certain of its liabilities.

Executrix remained testator's widow for some seven years following his death, or until in March, 1940, when she married the appellee, J. S. Marcum.

By the record it appears that the testator, A. S. Bland, had been twice married; that no children were born as the issue of his second marriage with the appellee, Birdie Bland; but that five children, who are now living and with their respective consorts are the appellants in this action, were born to him and his first wife.

Following the marriage of testator's second wife or widow, Birdie Bland, with the appellee, J. S. Marcum, in March, 1940, the testator's five children did thereupon, with their respective husbands and wives, file suit in the Taylor circuit court, thereby seeking both a construction of their deceased father's will and also a set-

tlement of his estate. On the same day the appellee, Birdie Bland Marcum, suing as executrix and in her own right, filed an action in the same court, also seeking a final settlement of the estate.

The two actions were, by agreement of parties, ordered consolidated, when the consolidated action was submitted to the court for a construction of the will. Thereupon the learned chancellor adjudged his construction of the will to be that the testator did by clauses 2 and 3 of his will intend to give and bequeath to his surviving widow, Birdie Bland, a life estate in the real and personal property owned by him at the time of his death, subject to be defeated by her remarriage, when, upon the happening of that event, she thereupon took and was entitled to a one-third interest in fee in testator's real and personal estate remaining at that time.

The appellants (the said children and their consorts), being dissatisfied with this adjudged construction of the will, excepted thereto, but, failing to pray an appeal therefrom in the lower court, they have here applied for and been granted an appeal, which is now before us.

Before entering upon a discussion and disposition of the grounds urged for reversal of the judgment, it may be noted that it is agreed between the parties that the only rights the appellee, Birdie Bland Marcum, has in the estate of her deceased husband, A. S. Bland, are such as she takes as a devisee under his will and that the character and quantum of the estate thereby given her must now be determined from the express provisions of the will, to which she is confined in their determination by reason of her having made no renunciation of the will or relinquishment of what she was given thereby within the twelve month period next following its probation, or next succeeding the taking and disposition of an appeal therefrom, as provided by Section 1404, Kentucky Statutes.

The principal, if not the only, ground seriously urged by appellants in challenging the propriety of the learned chancellor's construction of clauses 2 and 3 of the will, as in substance set out supra, is that the testator, having by clause 2 of his will bequeathed to his wife, as long as she remained his widow, all his real and personal estate, did thereby clearly intend to limit the

estate given her to a life estate and that therefore the further alternate provision of the clause, if his wife remarried, then she was to have one-third of his estate, must likewise be construed as alike limiting to a life estate the one-third interest given her upon her remarriage, as otherwise, to give her a fee interest or larger estate in his property upon her remarriage, against which he here expressed his disapproval, would but result in defeating the testator's intention as expressed by the language employed by him in clause 2, that he was giving her but a one-third interest in his estate for life upon her remarriage, or a smaller interest in it than were she to remain his widow for the period of her life, during which she was given all of his estate.

We are unable to agree with appellants in this contention, in that, according to our view, it would serve to defeat rather than give effect to what we conceive was the clearly expressed intent of the testator, providing that upon his widow's remarriage, she was to have one-third of his estate.

This clause of the will should be read and considered with the 3rd clause of the will, whereby he bequeaths, at the death of his wife or her remarriage, "the remainder of his property to be equally divided between his five children."

Construing this clause of the will with clause 2, it clearly shows that the remainder referred to is a variant one, changing and to be determined by the later action of the wife. If she remained testator's widow for the period of her life, upon her death testator's estate in remainder, devised to his children, would embrace all of it remaining at the time of her death, when his children were equally to take such remainder interest. However, there is an alternate or different interest in his estate to be given his wife, both as to character and amount, in the event of her remarriage, from what would obtain in the case of her dying his widow, in that the two clauses expressly provide that in the event of his wife's remarriage, she thereupon is to receive one-third of his estate and his five children the remainder.

The language thus employed by testator, "if she remarries, then in that event my said wife is to have 1/3 of my estate," must be construed as employed by testator with full realization and knowledge of its meaning

and effect as given by Section 2342, Kentucky Statutes, changing the common law rule requiring words of inheritance to be used in making a grant or a bequest of an estate, in order to give a fee simple estate and without which the gift was construed as merely bequeathing an estate for life.

The statute expressly provides that:

"Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

The testator's bequest, providing that in the event of her remarriage, his widow was to have one-third of his estate, must be construed as expressing the testator's intention to give his wife one-third of his estate in fee, as same was construed by the chancellor as clearly expressing the intent and purpose on the part of the testator to give her, in harmony with the statutory provision, one-third of his estate in fee remaining at the time of her remarriage.

The learned chancellor has here, as we conceive, but followed the patent intent of the testator as clearly expressed in the language used by him, that in the event of his wife's remarriage she is to have one-third of his estate, in adjudging that she take such one-third interest in fee in his estate, and has but followed the well settled rule as to the interpretation of the language of testamentary instruments, that where the plain language of the will provides the method of effecting the testator's evident purpose, the courts are without power to provide another by conjecture, based upon rules of construction, even though deemed to provide a better method of effecting such purpose. Fowler v. Mercer's Ex'r, 170 Ky. 353, 185 S. W. 1117.

Conceiving no error in, but fully approving, the assailed construction of the will adjudged by the learned chancellor, his judgment is affirmed.