## Cook et al. v. Cook et al.

Nov. 10, 1942.

Dowling & Baird and J. R. White for appellants.

Larimore & Craddock and John E. Richardson for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This appeal involves the construction of the will of Dr. M. V. Edwards who died a resident of Hart County, Kentucky. That part of the will involved herein reads as follows:

"I also give and devise to my wife, Lissie G. Edwards, as trustee for I. E., H. A. and J. V. Cook, the old Clay Cook place near Seymour, Kentucky, same to be for the use and enjoyment of these three named persons but in no event is said property to be subject to their debts or any of them and at their death the said property is to go to their children.

"I also give to my wife, Lissie G. Edwards as trustee for J. V. Cook, the Fifteen acres (15) of land I bought of W. S. Terry, which land adjoins the old Cook place, but in no event is this land to be subject to his debts or any of them, and at his death said property is to go to his children."

On April 1, 1926, testator wrote a codicil to his original will, the pertinent part of which reads:

"I revoke that part of my will wherein I devised to the Trustee for I. E., H. A. and J. V. Cook the old Clay Cook farm near Seymour, Kentucky, and also the 15 acres of land bought of W. S. Terry to J. V. Cook and now direct that both the old Clay Cook farm and the 15 acres go to my wife as trustee for H. A. Cook upon the same terms and limitations as set out in said paragraph of my original will."

I. E. Cook and J. V. Cook died previous to April 1, 1926, at the time the codicil was written. J. V. Cook left surviving him Annie Hill Cook, his only child and heir at law, and I. E. Cook left surviving him Mary Cook, as his only child and heir at law. H. A. Cook died in 1941 leaving surviving him three sons, Bruce, Burnett and Henry Clay Cook, as his only children and heirs at law. Appellees Annie Hill Cook and Mary Cook and the appellants, children of H. A. Cook, could not agree upon the construction of clause two of the will as modified by the codicil, and appellees brought this action in the Hart Circuit Court to have the will construed, and alleged that the property involved was indivisible, and asked that same be sold and the proceeds divided among appellants and appellees according to their respective shares. They asked that the original will, as modified by the codicil, be construed to mean that upon the death of H. A. Cook the Clay Cook tract of land became the property of the children of I. E., H. A., and J. V. Cook jointly, and that Annie Hill Cook and Mary Cook be adjudged to own one-third each thereof and the children of H. A. Cook the joint owners of the other one-third, or one-ninth each of

the whole tract, and that Annie Hill Cook be adjudged to be the sole owner of the fifteen acre tract of land purchased of W. S. Terry.

Appellants filed their answer denying that the will should be construed as contended for by appellees and asked the court to construe the will to mean that by the terms of the codicil to the will, upon the death of H. A. Cook both tracts of land became the property of his children, the appellants, and that appellees own no interest therein; or, if the court should not so construe the will as stated above, it then be adjudged that the appellants and appellees are the joint owners of both tracts of land per capita, or one-fifth each thereof.

Upon the issues thus joined the chancellor adjudged that by the terms of the original will, and as modified by the codicil, thereto which retain the same "terms and limitations" stated in the original will, Annie Hill Cook, the only child of J. V. Cook, became the sole owner of the fifteen acre tract of land referred to above, and that Annie Hill Cook and Mary Cook, as the only heirs at law of J. V. Cook and I. E. Cook respectively, became the owners of one-third each of the Clay Cook farm, and that the appellants, children of H. A. Cook, became the owners of the other one-third jointly, or one-ninth of the whole tract. This appeal follows.

The chancellor wrote an opinion which is filed with the record, in which he analyzed the will as a whole including certain other paragraphs of the will and codocil not directly connected with the two tracts of land here involved, but which tended to show that the trend of the will as a whole indicated that it was the intention of the testator that appellants and appellees were to be the ultimate takers of the property as contended for by appellees and as adjudged by the chancellor. In reference to appellants' contention that under the codicil to the will upon the death of testator's three nephews the children of H. A. Cook became the owners of both tracts of land involved to the exclusion of appellees, the chancellor pointed out that it was not in the mind of the testator to disinherit the appellees. We concur with the chancellor in this conclusion. In the absence of plain and explicit language to the contrary, it is not reasonable to believe that the testator intended to disinherit the appellees. Another significant feature of the case pointed out by the chancellor in his opinion, is that between the dates of

56

the writing of the original will and the codicil, I. E. Cook and J. V. Cook had died, leaving surviving them H. A. Cook, and that it was apparent that the only change in the original will intended by the codicil was that H. A. Cook have the use and benefit of all the property during his life. All other conditions set out in the original will were reserved. In item one of the will, not directly involved herein, testator provided that certain property be sold and $2,000 of the proceeds be given to the Kentucky Children's Home at Glendale, Kentucky, and that "the remainder is to be divided equally between the children of I. E., H. A., and J. V. Cook; Anna Reeves, Mary Harper, and Valentine Cook," which indicates a per capita division of that particular fund. But no such language appears in item two of the will concerning the two tracts of land involved. In that clause of the will testator provided that at the death of I. E., H. A., and J. V. Cook the said Clay Cook farm is to go to "their children," and at the death of J. V. Cook the fifteen acre tract of land is to go to "his children." These two provisions of the will read together clearly indicate that the language "their children" in reference to the Clay Cook farm, meant that the children would take per stirpes rather than per capita.

The judgment of the chancellor being in harmony with these views, it is accordingly affirmed.