## Dunn v. Haley's Trustees et al.
## Haley's Guardian v. Same.

May 14, 1946.

William L. Wallace and George R. Smith for appellants.

J. Owen Reynolds and Troy D. Savage for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming in part, reversing in part.

These two cases involve the same basic question and are consolidated for consideration and decision on this appeal.

The original action was filed by trustees under the will of C. M. Haley seeking the court's declaration of rights under the will, in particular the right of the trustees to sell and convey real estate left by the testator. The trial court construed the will as an instrument that gave power to the trustees to sell and convey testator's real estate, and from a judgment declaring the rights accordingly, this appeal has been perfected by parties aligned against the trustees.

The only question now presented is that of the correctness and legality of the chancellor's judgment.

The will of C. M. Haley was holographic and it directed his trustees to hold all his property in trust for the use and benefit of his widow during her lifetime, and following her death, to distribute the property among his three surviving children. The will provided that in the event any of the three surviving children should predecease testator's widow, the equal, remainderman's share of the predeceased child should descend to his or her lawful heirs. The named trustees being testator's children, he directed their qualification without bond and ordered one or two to act if two or one should decline to act. The will gave the following latitude of power to the trustees:

"I hereby authorize and empower my said trustees and executors to sell and convey by proper instruments of conveyance, any and all personal property which I may leave and to reinvest the proceeds thereof, and to change said investment from time to time in such manner and form as they may deem to the best interest of my estate, hereby giving and granting unto them as full and complete power to control, manage, and deal with my estate as I now personally possess and after the death of my wife, or in the event she predecease me, I authorize and empower said trustees and executors to sell and convey, by proper instruments of conveyance, any and all real estate held by them as said executors and trustees, and to divide the proceeds among my children or their issue as set out in this paragraph, * * *"

The estate of C. M. Haley consisted, among other things, of three parcels of improved real estate in Lexington. The trustees now have a contract of sale for one of these parcels to appellant, George Bain Dunn, conditioned upon the trustees having legal power under the will to convey. The selling price is to be $13,000 for this property which is now rented at a monthly rental rate of $82.50, indicating the value of the property to be $8,250 under the old, recognized rule often followed by real estate men. The house is antiquated and it is considered to be to the best interests of this estate to make disposition under the agreement with appellant Dunn if this can legally be done under the terms of the will. No one really objects to the proposed sale, but the guardian ad litem of the defeasible fee holders, who are infant grandchildren of the testator, formally questions the legality of any sale of real estate under authority of the will.

Parol evidence was presented on this trial to show that C. M. Haley, without legal experience or knowledge, had procured a lawyer's draft of a trust will in order to use same as a model in the writing of his own will in his own handwriting. This model empowered its trustees to sell and convey real estate as well as personal property, and the argument is advanced that this testator inadvertently left out similar authorization in his own holographic will.

If Haley's trustees are empowered to sell real estate under his will, it is quite obvious such power must be derived entirely from implied rather than expressed authority. The testator gave his trustees the expressed right to sell and convey his personal property, and further, in the same sentence, gave them power to control, manage and deal with his "estate" in a plenary and unlimited way. But if we go back to the beginning of the sentence to ascertain what "estate" he is talking about, we find in the beginning of the sentence reference only to personal estate. Still further in the same sentence, we find the testator taking up the subject of his real estate and directing that it be sold by his trustees upon the happening of his wife's death, thus leaving a very strong impression that the testator desired the trustees to hold the real estate as long as his wife lived. Except that he wanted something held, the testator would have had little reason to create a trust. And since he express-

ly gave authority to sell his personal property, he must have intended a continuation of his real estate holdings during his wife's lifetime.

We are aware that this court has sometimes perceived in trust instruments a trustor's intention, by implication, to grant powers not expressly conferred. Goldberg v. Home Missions, 197 Ky. 724, 248 S. W. 219. However, in those instances we have found such implied powers to be reasonably necessary to carry out the trust or flowing from a reasonable interpretation of the trustor's intention as gathered from the whole instrument. In the present case there appears to be no necessity of a power to sell real estate in order to carry out this trust. Neither does a reasonable interpretation of this trustor's intention as gathered from the whole instrument require us to perceive an implied power granted to his trustees to sell his real estate. His intention appears to have been to the contrary. Who can accurately say that the testator was inadvertent in copying from this model in front of him and omitting from his own instrument the power to sell his real estate? This may have been exactly what he intended to do.

While the evidence in this case all points to the desirability of the sale proposed by these trustees and while the inclination of this court is to follow the goal of that desirability, yet that alone is not sufficient to infer a power of sale under this instrument. In 134 A. L. R. 383 we find enunciation of this principle as follows: "The question of implication, in a will, of a power to sell realty has been approached in a few cases from the point of the desirability of the sale, but even though a sale would be beneficial, that in itself is generally not considered a sufficient basis for inferring a power of sale."

The real question in construing a will is, not what did testator mean or intend to say, but what is meant by what he said. Fowler v. Mercer's Ex'r, 1916, 170 Ky. 353, 185 S. W. 1117; Weedon v. Power, 1924, 202 Ky. 542, 260 S. W. 385; Walton v. Jones, 1926, 216 Ky. 289, 287 S. W. 710; Futrell v. Futrell's Ex'r, 1928, 224 Ky. 814, 7 S. W. 2d 232.

This testator actually said that he authorized his trustees to sell his personal property and to control, manage and deal with his estate (his personal estate if we look back to see what he has just been talking about)

and to sell his real estate after the death of his wife. He may have intended to say something else, but he said only that. The meaning of what he said, neither expressly nor impliedly, conferred upon his trustees any power to sell his real estate while his wife remained alive.

What is said above has no effect on the sale of the property located at 233 Stone Avenue, as that sale was made pursuant to KRS 386.090 and was approved by order of court. These two consolidated actions sought to have the will construed as giving the trustees the power and authority to make a private sale without resorting to court action and we hold that the will conferred no such power upon the trustees.

So much of the judgment as approved the sale of the property located at 233 Stone Avenue is affirmed, but that part of the judgment construing the will as authorizing the trustees to make a private sale of testator's other property is reversed for proceedings consistent herewith.

The judgment is affirmed in part and reversed in part.