**Lillian Felts HALL'S ADMINISTRATOR (Ernest Fall, Jr.), et al., Appellants,**

**v.**

**Lillian Felts COMPTON et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Sept. 30, 1955.

Frank Carr, Fulton, F. B. Martin, Mayfield, for appellant.

Warren & Jones, Fulton, Woodard Tipton, Hickman, for appellee.

MONTGOMERY, Judge.

Lillian Felts Hall died on December 7, 1953, leaving surviving her as her heirs at law Lillian Felts Compton and Louise Felts Parke, the daughters of a deceased brother, and Holland O. Felts and James H. Felts, the sons of her other deceased brother. Her estate of approximately $123,000 consisted of money in the bank, various articles of personal property, including jewelry, stocks, bonds, notes, and certain business properties in Fulton, Kentucky. She also owned an undivided one-half interest in some residence property located at 907 Walnut Street, Fulton, Kentucky, as joint tenant with her two nephews, Holland O. and James H. Felts. The residence property was adjacent to two vacant lots owned by her, forming a "U" shaped tract around another vacant lot which was owned by her two nephews as the heirs at law of their father.

This appeal is taken from a judgment construing the holographic will and codicil of the testatrix. The principal question involved the determination of whether one portion of the will should be construed as residuary or as a specific clause. The lower court held that the clause was a specific bequest and devise in favor of Louise Felts Parke. She and the administrator with the will annexed are the appellants, and the remaining niece and two nephews are the appellees.

The will in question was written on July 1, 1946, and contains a codicil bearing the same date. In part, the will is as follows:

"Page I *Will of Mrs. Frank P. Hall*
Know all men by these presents that Lillian Felts Hall a citizen of Dresden Weakley Co. Tenn & Fulton Fulton Co-Ky. do publish this as my last will and testament —revoking all former Wills made here to fore by me—
*First*—I direct that any and all just debts made by me that I may owe at the time of my death shall be paid by my executors out of my estate.
*Second*—I give devise & bequeath to my niece Louise Felts Parke of St. Louis Mo. $5000.00
*To* Miss Musa Hall of Martin, Tenn. 5000.00
* * *
*To* Dr. Hugh Barr-Nashville, Tenn. 1000.00
* * *
*To* Miss Margaret Campber-Nashville Tenn 500.00
*To* City National Bank of Fulton Ky 500.00
* * *
*After my death the home place at 907 Walnut St. that I own ½ int. in shall go to my niece Louise Felts Parke St. Louis Mo. to be disposed of as she desires any & all personal property & real estate shall go to Louise Felts Parke St. Louis Mo. except auto already disposed of in will* to Bobby Parke —(our emphasis)
*To* Louise Felts Parke 1 fine pearl necklace & one diamond soltaire ring
*To* Lucile Gambill one tiffany cluster diamond ring.
*To* Musa Hall Martin Tenn—1 soltair diamond ring.
* * *
*To* Bettie Gregory—1 3 stone diamond ring.
* * *"

The will contained fifteen bequests to various named persons in designated amounts prior to the paragraph in question. These bequests included one to Louise Felts Parke for $5,000. Following the paragraph construed is a second bequest to Louise Felts Parke for one fine pearl necklace and one diamond solitaire ring, which is followed by five other bequests disposing of certain jewelry and $500. The next paragraph nominated the executors of the will, each of whom failed or declined to qualify. The codicil contained a specific bequest disposing of certain articles of personal property.

Louise Felts Parke and the personal representative of the estate contend that the phrase "any & all personal property & real estate shall go to Louise Felts Parke" is a residuary clause in favor of Louise Felts Parke for all of the property of the estate except such as is disposed of by the various bequests. The appellees, who are the remaining three heirs at law of the testatrix and who are not mentioned by name in the will, contend that the phrase referred to is a specific bequest and devise of such of the personal property not otherwise disposed of that remained at the home of the testatrix, together with the two contiguous vacant lots and her undivided one-half interest in the home place, and that all other property of the estate, approximately $80,000 in value, descended by intestacy to the four nieces and nephews in equal parts. This, in effect, was the holding of the lower court.

■ Appellants took the deposition of appellant Ernest Fall, Jr., administrator with the will annexed, and he was permitted to testify and introduce a purported will of the testatrix dated January 1, 1945, over the objection of the appellees. This instrument was entirely in the handwriting of the testatrix and was substantially the same as the probated will, including the same wordage in the questioned part of the will, the difference being that the previous instrument contained a period after the word "desires" and the word "any" following was capitalized. There were other differences in the bequests. Appellees com-

plain of the adverse ruling of the Chancellor in admitting this evidence, but no merit is found in their contention since it was not prejudicial in view of the judgment rendered.

■■ It is readily seen from a reading of the will that it is doubtful what the testatrix intended by the phrase "any & all personal property & real estate". Whether she intended a residuary clause in favor of Louise Felts Parke or whether it referred only to the personal property and real estate at or connected with the home place at 709 Walnut Street is to be determined. This uncertainty or ambiguity is apparent upon the face of the instrument. Such an ambiguity has been defined as being patent. It is distinguished from a latent ambiguity discoverable only when the language of the will is sought to be applied to the beneficiaries or the property disposed of by the will and it is thus developed either that the transcription in the will is defective or that it applies equally to two or more persons or things. Page on Wills, Volume 4, page 650; Thornhill Baptist Church v. Smither, Ky., 273 S.W.2d 560.

■■ If a patent ambiguity alone exists, the intention of the testatrix must be determined only from the language used by her in the will, and extrinsic evidence is not admissible to change the construction or interpretation of such language. Jennings v. Jennings, 299 Ky. 779, 187 S.W.2d 459; Miller v. Trigg County Farmers Bank, 312 Ky. 321, 227 S.W.2d 429; Union Bank and Trust Company of Lexington v. Bassett, Ky., 253 S.W.2d 632. It is only where there is doubt or uncertainty arising from the language used that resort may be had to the technical rules of construction for clarification. Prewitt v. Prewitt's Ex'rs, 303 Ky. 772, 199 S.W.2d 435; Huffman v. Chasteen, 307 Ky. 1, 209 S.W.2d 705.

■ The rule of construction of a will containing a patent ambiguity is that the court will look to the four corners of the instrument to determine the intent of the testatrix and will give due weight to every

provision of the will and determine what the testatrix intended by the words used when given their commonly and generally accepted literal and grammatical meaning. Dunn v. Haley's Trustees, 302 Ky. 323, 194 S.W.2d 635; Kurrie v. Kentucky Trust Company of Louisville, 302 Ky. 592, 194 S.W.2d 638; Johnson v. Foley, 302 Ky. 848, 196 S.W.2d 733.

■■ Where provisions of the will are apparently conflicting or repugnant, the intention of the testatrix will be arrived at by giving effect to every part of her will in order to harmonize the inconsistent words, phrases, or clauses. It is permissible in order to enable the court to uphold all the provisions of the will to resort to every reasonable intendment if it is possible thereby to render them consistent and give effect to each. Hager v. Becker, 310 Ky. 340, 220 S.W.2d 839; Wiglesworth v. Smith, 311 Ky. 366, 224 S.W.2d 177. The presumption is that every word or phrase is intended by the testatrix to have some meaning. No part of the language used in a will is to be rejected if a reasonable effect can be given it. Collis v. Citizens Fidelity Bank & Trust Co., 314 Ky. 15, 234 S.W.2d 164.

The effect of sustaining the contention of the appellants that the questioned paragraph of the will contains a residuary clause would be to nullify two other clauses of the will. These are the bequests to Louise Felts Parke, one for $5,000 and the other for "1 fine pearl necklace & one diamond solitaire ring". One of these clauses appears before the doubtful portion of the will and is the first of a number of bequests. The other appears immediately following the part of the will which appellants say is residuary. It seems strange, unnatural, and unnecessary for the testatrix to have given all of her remaining property to Louise Felts Parke and in the next clause to have bequeathed to her certain jewelry which would have been included in the residual clause. The number of bequests following the clause of uncertain meaning and the codicil added support the contention of appellees that the testa-

trix had not intended to dispose of the remainder of her estate by the paragraph claimed as residuary. Had the testatrix felt that she had disposed of all the rest of her estate at that point in the writing of her will, it would seem that she would not have made subsequent bequests and a codicil as there would have been nothing left to bequeath. The correct interpretation of the will would thus give effect to the various bequests, including the two in favor of Louise Felts Parke, and would limit the meaning and effect of the phrase "any & all personal property & real estate" to the property at and contiguous to 907 Walnut Street. The Chancellor so decided.

 This view is in accord with the maxim ejusdem generis, "of the same kind or species", sometimes called Lord Tenterden's Rule. The doctrine is that where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind. 28 C.J.S., Ejusdem, page 1049. This rule has been applied to the construction of a will. Ward v. Curry's Ex'r, 297 Ky. 420, 180 S.W.2d 305. Unless a contrary intention of the testatrix is expressed, words of general import must yield to restrictive words and to specific language to the precise point, and when words of a specific nature are followed by general words, the meaning of the latter is limited to things of the same class as those theretofore specifically mentioned. 69 C.J., Section 1131, Page 77, Wills. Thus, the phrase "any & all personal property & real estate" is general but is restricted or limited by the reference to "the home place at 907 Walnut St. that I own ½ int. in". The testatrix intended all of the personal property and real estate located at 907 Walnut Street to go to Louise Felts Parke, excluding the property disposed of by the bequests. It is a reasonable conclusion that she also intended to include the two vacant lots adjoining in this same class of property as designated by the location.

 The phrase "any & all personal property & real estate" does not necessarily constitute a residuary clause. In Howe v. Howe's Ex'x, 287 Ky. 756, 155 S.W.2d 196, it was held that "all personal property * * *" was specific rather than residuary because when read with the rest of the will it showed that the testatrix intended to leave a specified part of her estate to the named beneficiaries. In the instant case, there is no doubt that the testatrix intended the clause in controversy to be specific, since it describes particularly a certain portion of her estate to be received by Louise Felts Parke apart from all the rest. See also Duncan v. Berry's Adm'r, 142 Ky. 178, 133 S.W. 1148. Appellants also contend that there is a presumption that one making a will intends to dispose of the entire estate. To sustain this contention would have the effect of disinheriting three of testatrix's heirs, the appellees. As stated in Robinson v. Von Spreckelsen, 287 Ky. 705, 155 S.W.2d 30, 32, the rule is:

"Associated with the presumption against partial intestacy is the presumption that testator meant to treat his children or other natural objects of his bounty equally, and to have the property go in the legal channel of descent, the law favoring that construction of a will which conforms most nearly to the general law of inheritance. If it is uncertain and doubtful whether the testator intended to devise his real estate, the title of the heir must prevail."

 Every reasonable presumption will be indulged against partial intestacy, but the presumption cannot be applied to supply a disposition which was not made or intended. Pimpel v. Pimpel, Ky., 253 S.W.2d 613.

 It is also urged that there is no intention shown in the will to leave anything to appellees. They take as heirs at law of the testatrix's estate. An heir inherits intestate property under the statute of descent and distribution and not by the intention of the testatrix. The right to dispose of an estate by will is not an inherent or natural right, but is permitted by statute.

One who avails herself of such statute must conform strictly thereto, and in order to disinherit one who would otherwise inherit under the statute of descent and distribution, there must be an express provision or necessary implication in the wording of the will. Such was not the case here. Brierly's Executor and Trustee v. Nelson, 228 Ky. 116, 14 S.W.2d 201; Shackelford v. Kauffman, 263 Ky. 676, 93 S.W.2d 15; Bean v. Bean, 271 Ky. 403, 112 S.W.2d 70; Howe v. Howe's Ex'x, 287 Ky. 756, 155 S.W.2d 196.

Judgment affirmed.