**Sam McCLARNEY, Granvil Nolen and his Wife, Lydia Nolen, Appellants,**

v.

**Gene H. CROWLEY and his wife, Shirley M. Crowley, Appellees.**

Court of Appeals of Kentucky.

March 17, 1972.

———◆———

Gross C. Lindsay, Trimble & Lindsay, Henderson, Joel C. Rich, Dixon, J. D. Ruark, Morganfield, for appellants.

Russell G. Lloyd, Evansville, Ind., Leonard T. Mitchell, Mitchell, Withers & Neel, Henderson, for appellees.

CULLEN, Commissioner.

This appeal involves the interpretation of the holographic will of Hurley Crowley, who died October 21, 1968, at age 74. The date on the will is November 25, 1957. The circuit court held one clause of the will inoperative by reason of ambiguity. The devisees who thus lost the interests they claimed under that clause have appealed.

The will was written on ruled tablet paper, the sheets (5″ x 7″) of which gave some evidence of originally having been glued at the top. The record, however, indicates that they were not so attached at the time of probate in the county court.

The entire will is copied herein, sheet for sheet, clause for clause, line for line, and word for word in the order as probated. Blank spaces within a clause indicate erasures. The controversial parts are italicized.

The will follows:

1=Nov 25 1957

The house I live in
I want my sister
Hallie McClarney to
have it Then at her
death it I want Mary
Ruth McClarney to
have it

2

All mineral & Royalty
under the old Bridwell
& Blanch Finch Shelton
land I want my sister
Hallie McClarney to
have

3

*All the land including
four place What is
called the Stephens farm*

\*    \*    \*    \*    \*    \*

(END OF FIRST SHEET)

\*    \*    \*    \*    \*    \*

*the Blanche Finch Shelton
farm the Bridwell farm
the Emmett Thornsberry
farm I want Gene
Hurley Crowley
          to have and
When he becomes large
enough he is to have
the right to farm it
if he wants to*

4

I want George Higgs to
have the right to live
where he now lives
as long as he does
right with out any
rent

\*    \*    \*    \*    \*    \*

(END OF SECOND SHEET)

\*    \*    \*    \*    \*    \*

*in this farm deal
they cannot sell it
to anyone outside
but they can sell*

*to one and another
I study this over I
want Sam McClarney
included in this deal
that means three Gene
Hurley Crowley & Granvil
Nolen          & Sam
McClarney he is handicap*

\*     \*     \*     \*     \*     \*

(END OF THIRD SHEET, LAST
¼ LEFT UNUSED)

\*     \*     \*     \*     \*     \*

=5=

I want 500.00 dollars
five hundred dollars
set aside some way
to take care of Pa &
Ma lot at the Cemetery
I want it put in a
Bond so the interest
will take care of it

6

All my farm machinery
keep sakes odds and ends
I want Raymond Nolen
          to have except
at watch that was
brother John I want
Buster Overfield to have

7

My insurance and
what cash money

\*     \*     \*     \*     \*     \*

(END OF SHEET)

\*     \*     \*     \*     \*     \*

if there is any left
i want Granvil Nolen
to have and also want
Granvil Nolen to be my
Administrator if living
With out any Bond
if not Raymond Nolen
without any Bond

8

I also want all my
neices, nephews & brother to have
5.00 dollars each to make
this hold good this

being my own hand
writing
    1     Hurley Crowley
(END OF WILL)

\*     \*     \*     \*     \*     \*

It should be noted (1) that none of the sheets (or pages) is numbered, but (2) that each clause (or item) is numbered, except the clause appearing on the third sheet.

The controversy involves the wording in Clause Three, because of the wording on the third sheet. The circuit court held that the language on the third sheet was inoperative and that appellee Gene Hurley Crowley took the four farms under Clause Three.

Appellants, Sam McClarney and Granvil Nolen, argue that testator, by use of the words on the third sheet, showed an intention to change his mind as to the disposition of the four farms mentioned in Clause Three of his will. They contend that testator thereby divided the title to these four farms (subject to the restrictions set forth with reference to sale and use) into three equal shares: One share to go to appellant, McClarney, the second share to go to appellant, Nolen; and the third share to go to appellee, Gene Hurley Crowley.

The circuit court held specifically that the third sheet was a part of the will document, and there is no appeal from that holding.

Certain physical features of the will document, discernible on close scrutiny of the document, have convinced us that the language on the third sheet has a rational meaning and can be given effect. Those features are as hereinafter discussed.

It is plain from an examination of Clause Three that originally, after the name "Gene Hurley Crowley," there was written "& William Lee Watson" (he being a grand-nephew of the testator), but the latter name subsequently had been erased. It further is reasonably clear that on the third sheet, in the space occupied by the name "Granvil Nolen," the name "William Lee Wat-

son" originally had been written, and then subsequently erased.

The indication is strong, therefore, that in the will as originally written the farms were devised to Gene Hurley Crowley and William Lee Watson; and that when the testator decided to give Sam McClarney a share, the "three" who were to take were Crowley, Watson and McClarney, which was a perfectly understandable modification of original Clause Three. Subsequently, it seems apparent, the testator decided to replace Watson with Nolen, erased Watson's name both from Clause Three and from the third sheet, and substituted Nolen's name on the third sheet but not in Clause Three, not realizing that this left the will with an ambiguity in its finished language. When, however, the will is considered in the light of its history as disclosed by the erasures and substitutions, the ambiguity is resolved.

The fact that the language on the third sheet does not have continuity with the immediately preceding language on the second sheet does not destroy rationality, because it reasonably may be considered that when the testator, after writing the second sheet, changed his mind as to the disposition of the farms, he simply chose to treat the third sheet as an *insert* for Clause Three rather than rewriting the second page so as to insert the additional language at the end of Clause Three.

The rule is that a court, in construing a will, will endeavor to give effect to every part of the will, and will resort to every reasonable intendment if it is possible thereby to render provisions consistent and to give effect to each. Hall's Adm'r v. Compton, Ky., 281 S.W.2d 906. Under that rule, the intendments hereinabove mentioned may be resorted to in order to give effect to the language on the third sheet of the Crowley will.

The restriction on the third sheet, that "they cannot sell it to anyone outside but they can sell to one and another," may eventually require some construction, but whatever ambiguity it embraces does not lessen the clearness of the testator's primary *intention that the three named devisees* should share the farms. The same is true as to the provision in Clause Three that "When he becomes large enough he is to have the right to farm it if he wants to." If that provision is hopelessly ambiguous because the pronoun "he" followed originally a devise to *two* persons (Gene Hurley Crowley and William Lee Watson) or because in final draft the devise was to *three* persons (Crowley, Nolen and McClarney), it would seem that the provision, and not the devise, should fail. These questions have not been placed in issue.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

HILL, MILLIKEN, NEIKIRK, OSBORNE, PALMORE and REED, JJ., concur.