**Mildred MEADOR, Appellant,**

v.

**Kirstie WILLIAMS, Dennis Meador, Janice Cowart & Citizens National Bank, Trustee, Appellees.**

**No. 91–CA–781–MR.**

Court of Appeals of Kentucky.

March 27, 1992.

Robert E. Harrison, Scottsville, for appellant.

Brian Reeves, Wade T. Markham, II, Bowling Green, for appellees.

Before JOHNSON, GUDGEL and MILLER, JJ.

JOHNSON, Judge.

This appeal concerns the interpretation of a clause in the will of the late W.G. Meador (hereinafter W.G.). W.G. died in 1973, leaving his property to his children in equal shares; two shares went directly to his children Ervin and Mildred; the remaining third was left in trust for his other child, Sterling.

The clause which created the trust reads as follows:

> ITEM IV. Spendthrift Trust: I give and bequeath to the Citizens National Bank of Bowling Green, Kentucky, the other *one-third share in trust,* however, for the following uses and purposes, to wit: to hold, manage, control, invest and reinvest, the same in its absolute and unqualified discretion *during the life of my son, Sterling Meador,* from time to time, to pay him all or any part of the income thereof, or portions of the principal *for the support and maintenance of said Sterling Meador,* and to make such payments in such amounts and at such times and in such manner as my said trustee, in its absolute and unqualified discretion may, from time to time deem proper; *and at his death, the remainder of said*

> *trust shall pass to and vest in his next of kin.* [Emphasis added.]

This clause would have created no difficulty if Sterling had died before Ervin and Mildred. Because Ervin died first, however, the will has a latent ambiguity.[1] The issue is whether W.G. used the phrase "next of kin" to refer to the class of blood relatives of Sterling removed by the fewest number of steps in the genealogical table, or whether W.G. meant to refer to those who would take under the statutes of descent and distribution (so that children of deceased kin could take by representation). In the first case, Mildred takes all; in the second case, she shares with the children of Ervin (Appellees Williams, Meador and Cowart herein), who take by representation.

Appellant, Mildred, argues that at common law "next of kin" referred to that class of blood relatives who were removed from the propositus[2] by the smallest number of steps in the genealogical table. Under this definition, if a decedent D has two living brothers X and Y and two living nephews A and B (sons of deceased brothers), then X and Y are the "next of kin" of D. This is because X and Y are two steps removed from D whereas A and B are three steps removed. *See* Annotation, *Term "Next Of Kin" Used In Will, As Referring To Those Who Would Take In Cases Of Intestacy Under Distribution Statutes, Or To Nearest Blood Relatives Of Designated Person Or Persons.* 32 A.L.R.2d 296 (1953). In the present case, of course, appellant's definition gives the entire trust corpus to appellant. As set out below, however, we do not entirely accept appellant's view of the common law.

It seems clear that for some time prior to the year 1670 the phrase "next of kin" had a single technical meaning as espoused by the appellant. *See* 32 A.L.R.2d, *supra.* In those early years, the personalty of one who died intestate was distributed by an administrator under the supervision of the

---

1. If Sterling had been the first sibling to die, then Ervin and Mildred would have taken the trust corpus under either construction of the phrase "next of kin."

2. "The person proposed; the person from whom a descent is traced." *Black's Law Dictionary* 1219 (6th ed. 1991). Usually the testator and the propositus are the same person, but not in all cases.

Church. 32 A.L.R.2d, *supra,* at 299. In cases where the intestate had no surviving children, it appears that a share of his personalty passed to his "next of kin," who were defined as the closest blood relatives. *See* 32 A.L.R.2d, *supra,* at 299, 300.

If the law had remained clear, there would be no difficulty in deciding this case. However, in 1670, the English Parliament passed a statute of distribution "which directed distribution of an intestate's surplus personal estate first to his children and wife, and, in their absence, to the next of kin in equal degree, and allowing the children of deceased brothers and sisters to take by representation of their parents...." 32 A.L.R.2d, *supra,* at 302. This statute and its progeny in this country have acted to create a great deal of doubt as to "whether or not 'next of kin' had been given an enlarged meaning, so as to include all the statutory distributees." 32 A.L.R.2d, *supra,* at 302. In fact, it was not until 1843 that English courts finally settled the matter in that country.[3] *See* 32 A.L.R.2d, *supra,* at 306. Those American jurisdictions which have faced the question have split almost evenly on the answer. *Compare Close v. Benham,* 97 Conn. 102, 115 A. 626 (1921) (absent a clearly expressed intent to the contrary, "next of kin" refers to those who would take in case of intestacy) *with Sloan v. Beatty,* 1 Ill.2d 581, 116 N.E.2d 375 (1953) (absent a clearly expressed intent to the contrary, "next of kin" refers to the nearest blood relations); *see generally* 32 A.L.R.2d, *supra.*

One legal treatise has discussed the phrase as follows:

> At common law the term "heir" designated one upon whom the descent of real property was cast at the death of the owner intestate; the term "next of kin" denoted those to whom the personal property of the decedent was distributed—"kin" meaning those related by

blood—and "next of kin" signifying those nearest in degree of blood relationship. Although modern statutes have eliminated many of the differences between those who succeed to realty and those who take personalty, *technical usage still distinguishes between "heirs" as meaning those to whom real property descends and "next of kin" as meaning those to whom personal property is distributed. Common practice nonetheless permits a broader usage for both terms.* The word "heirs" can signify those succeeding to the estate of one dying intestate, or those who come in any manner to the ownership of property by reason of the death of the owner, not only in common speech and practice, but also in statutes. The term "next of kin" may have a similarly broad import.

23 Am.Jur.2d *Descent and Distribution* Section 50 (1983) (footnotes omitted, emphasis added).

■ It seems entirely possible that in this case W.G. used the phrase "next of kin" instead of "heirs" because he was disposing of personalty not realty, but without intending to signify a different class of persons. Nevertheless, because the meaning of "next of kin" has not been authoritatively established in Kentucky, we believe that W.G.'s use of the term has created a latent ambiguity in his will.[4] Therefore, it is appropriate that we use established rules of construction to determine W.G.'s intent. *See Robinson v. Van Spreckelson,* 287 Ky. 705, 155 S.W.2d 30 (1941).

■ The dispositive principle of law for this case "is the presumption that testator meant to treat his children or other natural objects of his bounty equally, and to have the property go in the legal channel of descent, the law favoring that construction of a will which conforms most nearly to the general law of inheritance." *Hall's Adm'r*

---

**3.** In fact, it appears that at the time of the American Revolution, the English Courts interpreted "next of kin" as referring to those who took under the statute of distribution. *See* 32 A.L.R.2d. *supra,* at 305, 306. Thus, appellant's reliance upon the common law meaning of the term does her little good.

**4.** As noted previously, if Sterling had been the first sibling to die, then Ervin and Mildred would have split the trust corpus under either construction of the phrase.

*v. Compton,* Ky., 281 S.W.2d 906, 910 (1955) (quoting *Robinson,* 155 S.W.2d 30). Appellees, being the testator's grandchildren, are entitled to the presumption that he did not intend to disinherit them. *See Hall's Adm'r,* 281 S.W.2d 906; *Cook v. Cook,* 292 Ky. 53, 165 S.W.2d 971 (1942). Thus, we hold that the phrase "next of kin" refers to those who would take under the Kentucky law of descent and distribution (unless the testator clearly manifests a contrary intent). *Cf. Graham v. Jones,* Ky., 386 S.W.2d 271 (1965) (phrase "nearest blood relatives under the laws of the State of Kentucky" clearly evinces an intent to adopt the law of descent and distribution as the basis for distribution of a remainder interest).

Affirmed.

All concur.