## Calloway, Executor, et al. v. Calloway, et al.

(Decided October 5, 1916.)

### Appeal from Fayette Circuit Court.

1. Wills—Parol Evidence.—Parol evidence cannot be introduced, either to take from, add to, or explain the contents of a will.

2. Wills—Construction—Intention.—A will cannot be construed by a mere conjecture as to the intention of the testator; it is the intention which the testator expresses in his will that controls, and not that which he may have had in his mind, or which is manifested by some other paper not a part of the will, or by previous declarations.

3. Wills—Intention—Implication.—In order to carry out the intention of a testator and prevent the will from failing of effect, a devise or bequest may be implied, although it has not been formally expressed in the will, unless the implication violates public policy, or some settled rule of positive law.

4. Wills—Intention—Implication.—The presumption is very strong against a testator having intended a devise or bequest not set forth in his will; and, in order that the devise or bequest may be effectual, the implication must be a necessary one, that is, the probability of an intention to make the devise or bequest implied must appear from the will to be so strong that a contrary intention cannot reasonably be supposed to have existed in the testator's mind.

5.  Wills—Gift—Implication.—A gift by implication will not be inferred from mere silence; it must be founded on expressions in the will.

6.  Wills—Dying Without Issue—Construction.—The words "die without issue" mean "die without issue in the lifetime of the testator," unless some other period is clearly fixed by the will.

J. N. ELLIOTT for appellants.

GEORGE C. WEBB for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

Lucy Calloway, a resident of Fayette county, died in April, 1909, leaving a last will and testament, which reads as follows:

"June 15th, 1901.

"I, Lucy Calloway, of the State of Kentucky and County of Fayette, being of sound mind, do make and declare this to be my last will and testament, to-wit: First, I will that all of my just debts and funeral expenses be paid. Second, that all of my personal property and effects be divided equally between my son, Coleman D. Calloway, and my daughter, Woodie White. I further devise and will that the proceeds of my land and real estate be divided into two equal parts, one part to be used by my son, Coleman, and the other part be equally divided between my daughter, Woodie White, and her children. If one of these children should die after the death of their mother, I will that the other children shall inherit that child's part to be equally divided between the living children, unless having children of his or her own.

"I further will that after the death of my daughter, Woodie White, that her part of the income of my estate be equally divided between her children. I further will that if it should be thought advisable to sell and have a division after the youngest of my grandchildren becomes of the age of 21 years, I appoint my son, Coleman D. Calloway, executor and Trustee of the same. I further will that should my son, Coleman, die, without heirs, that his sister and her children shall inherit his portion of my estate. I further will that in case of the death of my son, Coleman Calloway, that the property be transferred to the hands of a reliable trust company

to be used for the benefit of my daughter and her children until the youngest child becomes of age.

"I do hereby appoint my son, Coleman Calloway, Executor and Trustee of this, my last will & testament without bond.

"Signed by my hand this 15th day of June, 1901.

"Lucy Calloway."

The will was duly probated in the Fayette county court, and Coleman D. Calloway qualified as executor and trustee thereunder. Mrs. Calloway's estate consisted of certain personal property, and a farm of 152 acres in Fayette county.

At the time she made her will, and at the time of her death, Lucy Calloway had two children, a son, Coleman D. Calloway, and a daughter, Woodie White; and, on said dates, Woodie White had three children, Calloway White, Elizabeth White Judy, and Nannie White Taylor, all of whom were more than 21 years of age at the time this action was filed.

In November, 1914, this action was instituted by Coleman D. Calloway as executor and in his own right, against Mrs. Woodie White and her three children above named, seeking a settlement of the estate of Lucy Calloway, and a construction of her will.

The personalty and the income or rents from the land received during the minority of the youngest granddaughter have been distributed in accordance with the will; the only question now pressed relates to the court's construction of the will in holding that it failed to dispose of the land and the future rents.

The circuit court was of opinion that, whatever the intention of Mrs. Calloway might have been, the language which she used in her will only disposed of the income or rent from her real estate until the youngest grandchild then living had arrived at the age of 21 years; that as to the remaining interest in the real estate, she had died intestate; and, consequently, that the land had passed by descent to her children, Coleman D. Calloway and Woodie White, in fee simple.

From the judgment Coleman D. Calloway, executor, and Calloway White, Elizabeth White Judy, and Nannie White Taylor prosecute this appeal.

As the law requires a will of both real and personal estate to be in writing, it cannot, consistently with this

doctrine, permit parol evidence to be adduced either to contradict, add to, or explain the contents of such will; and, the principle of this rule evidently demands an inflexible adherence to it, even where the consequence is a partial or total failure of the testatrix' intended disposition.

It would have been of little avaii, says Jarman, to require the will to be in writing, or to fence a testator around with a guard of attesting witnesses, if, when the written instrument failed to make a full and explicit scheme of his disposition, deficiencies might be supplied, or its inaccuracies corrected from extrinsic sources. 1 Jarman on Wills, 409.

In 40 Cyc. 1389, the rule is stated as follows:

"A will cannot be constructed by a mere conjecture as to the intention of the testator; but it is the intention which the testator expresses in his will that controls and not that which he may have had in his mind, or which is manifested by some other paper not a part of the will, or by previous declarations."

And, in Wright v. Denn, 10 Wheat, 204, Mr. Justice Story said:

"It is not sufficient that the court may entertain a private belief that the testator intended a fee; it must see that he has expressed that intention with reasonable certainty on the face of his will. For the law will not suffer the heir to be disinherited upon conjecture."

While the purpose of construction, as applied to wills, is unquestionably to arrive at the intention of the testator, that intention is not that which existed in the mind of the testator, but that which is expressed by the language of the will. The rule is inflexible, that surrounding circumstances cannot be resorted to for the purpose of imparting into the will any intention which is not there expressed. Extraneous testimony is incompetent to supply an intentional omission, or to contradict an express intention in a will. Caldwell v. Caldwell, 7 Bush 517.

Applying these rules to the will before us, we find that Mrs. Calloway undertakes to dispose of her personal property; she uses apt words for that purpose. But, when she comes to deal with her real estate, she does not say that it shall be divided into two equal parts, but that the proceeds of the land shall be so divided; and, in the next paragraph, in speaking of the part going to

her daughter, Woodie, she speaks of it as her part of the income, showing clearly that where she used the word "proceeds," she meant the income or rent of the land.

In addition, to show that this was her intention, she directs that one part thereof is to be used by her son, Coleman Calloway, evidently referring to the income or rent of the land.

It is only in one of the later lines of the will that she speaks inferentially, at most, of her real estate, by saying that if it should be thought advisable to sell and have a division after the expiration of the minority period, she appoints her son, Coleman D. Calloway, "executor and trustee of the same." This sentence is perhaps incomplete. But it is sufficient to indicate that the testatrix contemplated that the land was not to be divided or sold until the youngest of her grandchildren should become 21 years of age.

It is clear, therefore, that in the portion of the will preceding the words "after the youngest of my grandchildren becomes of the age of 21 years," there is no actual disposition of any portion of the real estate; it treats only with the income or rent derived therefrom. It is true that, in some cases, the courts have held that a disposition of the proceeds of the income of property was equivalent to the disposition of the property itself; but, in such cases those words were not modified by other expressions in the will, such as we have here.

After the clause last above referred to, the testatrix undertakes to appoint Coleman Calloway as executor and trustee of the will; and, she then provides that if Coleman should die without heirs his sister and her children should inherit his portion of her estate, without in any way signifying what that portion was.

So, at the most, the appellants can only contend that there was a break in the language of the testatrix which shows, on its face, perhaps, that there has been an omission of something which she intended to say, or which she failed to say. Perhaps, this omission was the final disposition of her real estate; and, perhaps, it was not.

Neither can it be said that there is a devise of the land to Coleman D. Calloway and Mrs. White, by implication.

The rule as to what will amount to a devise by implication is stated as follows, in 40 Cyc. 1390:

"In order to carry out the intention of a testator and prevent the will from failing of effect, a devise or bequest may be implied, although it has not been formally expressed in the will, unless the implication violates public policy or some settled rule of positive law. The presumption, however, is very strong against the testator having intended any devise or bequest not set forth in his will; and in order that the devise or bequest may be effectual the implication must be a necessary one, that is, the probability of an intention to make the devise or bequest implied must appear from the will to be so strong that a contrary intention cannot reasonably be supposed to have existed in the testator's mind. Such an implication cannot rest on mere conjecture, although it is not required that the implication be absolutely irresistible. Where a testator erroneously recites in his will that he has by the will given certain property when he has not effectually done so, such recital may be taken as sufficient evidence and expression of his intention to give by will, and the devise or bequest must be implied; but such an implication will not arise from an erroneous recital that he has, by some instrument other than the will, given property to a certain named person when, in fact, he has not done so; nor will such an implication arise from an erroneous recital that some other person, independent of the will, has title to or an interest in the property, or from a mere recital that the testator is about to make a conveyance to a certain person."

In Crane v. Doty, 1. Ohio St. 279, the court said:

"In order to raise an estate by implication, the two following circumstances must concur: First, an interest or estate in the property, less than the whole, must be created expressly by the will, in order that it may appear that the testator had the disposition of the property in his mind; second, the person to take by implication must be named or described in connection with the raising of such interest or estate."

And in Parker v. Tootal, 11 H. L. Cas. 43, 11 Jur. N. S. 185, 12 L. T. N. S. 89, Lord Westbury, in defining implication, said:

"Implication may be founded upon two grounds: It may either arise from an elliptical form of expression which involves and implies something else, as contemplated by the person using the expression; or the implication may be founded upon the form of gift, or upon

a direction to do something which cannot be carried into effect without of necessity involving something else, . . . which is a consequence necessarily resulting from that direction." See also Chinn v. Respass, 1 T. B. M. 27.

With regard to the expression "necessary implication," Lord Eldon, in Wilkinson v. Adam, 1 Ves. & B. 422, said:

"In construing a will conjecture must not be taken for implication, but necessary implication means, not natural necessity, but so strong a probability of intention that an intention contrary to that which is imputed to the testator cannot be supposed."

But a gift by implication will not be inferred from mere silence; it must be founded on expressions in the will. Nickerson v. Bowly, 8 Met. 424; Jones v. Gane, 205 Mass. 37; Re Reinhardt, 74 Cal. 365; O'Hearn v. O'Hearn, 114 Wis. 428, 58 L. R. A. 105; Langston v. Langston, 2 Clark & F. 194; Abbott v. Middleton, 7 H. L. Cas. 68. See also Johnson v. Jacob, 11 Bush 646.

In the final analysis, however, it is upon the principle of carrying into effect the supposed intention of the testator, that all the cases of devise by implication rest. If the language employed by the testator cannot reasonably be accounted for, except upon the supposition that he intended to make a certain disposition, but, through lack of learning, want of advice, inadvertence, or mistake, failed to use the legal or proper phrases, the courts will carry into effect the intention so shown by implying such disposition, unless that disposition would contravene some well established legal rule. Conner v. Gardner, 230 Ill. 258; 15 L. R. A. (N. S.) 73, and note.

But the will before us does not show such an ineffectual attempt to devise the testatrix' real estate, as would amount to a devise by implication.

We have no authority to make a will for the testatrix; we can only undertake to apply the rules of law to her language as we find it.

The words "die without issue," and equivalent phrases, are uniformly held in this State to mean, "die without issue in the lifetime of the testator," unless some other period is clearly fixed by the will. Webster v. Webster, 93 Ky. 632; Washer v. Washer, 143 Ky. 645; Blackwell v. Blackwell, 147 Ky. 264; Burnam v. Suttle, 148 Ky. 495. This limitation in the will before us refers,

therefore, to Coleman D. Calloway's death before the death of the testatrix; an event which did not happen.

We conclude, therefore, that the testatrix failed to make a final disposition of her land; and under the well established rule of law, that portion of her estate descended to her son and daughter, as her heirs.

Judgment affirmed.