## Trustees Presbyterian Church, Somerset, Kentucky v. Mize.

(Decided October 11, 1918.)

### Appeal from Pulaski Circuit Court.

1. Wills—Construction.—The third clause of a will was as follows: "The remainder of my property . . . I give and bequeath to my beloved husband, . . . to have and to enjoy same during his natural life and at his *death*, should there be anything left, it is my wish that it shall go to the Presbyterian church, of the city of Somerset, same to be used as the church may direct." The fourth clause nominated the husband as executor of the will, and requested that he be permitted to qualify without security; Held, that the husband took a life estate in the property, with a right

to the use and income during his lifetime, and a power to dispose of principal or such part of it, as might be necessary to furnish him a reasonably comfortable maintenance during his life, and the church took a vested right in such of the property as might not be disposed of at the death of the life tenant.

2.  Wills—Bond for Security of Property.—Where from the entire will, it is apparent, that the testatrix intended, that the life tenant should have the use and possession of the property, and there is no disposition to waste or destroy the property, or to make use of it, other than as authorized by the will, a bond for the security of the remainderman will not be required.

3.  Wills—Construction.—Where property is devised to one absolutely, with an unlimited power of disposition, and by an after clause of the will, it is attempted to devise over an undisposed portion of the property, the limitation over is void, but, where a life estate only is devised, and the life tenant is given the power of disposition, a limitation over of such of the property as may remain undisposed of by life tenant, at his death, is a valid limitation.

BEN V. SMITH & SON and DENTON, KENNEDY & HAYS for appellant.

O. H. WADDLE & SON for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action involves the construction of the last will and testament of Mamie McBeath Mize. She was a married woman and was childless. Her husband, C. C. Mize, did not own any property. So much of the will as is necessary to consider is as follows:

"First. It is my will and I so direct that my executor hereinafter named shall pay all my just debts, my funeral expenses and medical bills as soon after my death as he conveniently can out of any money that I may have on hands at the time of my decease.

"Second. I direct my executor to erect over my grave a modest, but neat monument, such as he may deem suitable and appropriate and pay for same out of such funds as may come to his hands as my executor.

"Third. The remainder of my property both real and personal of every kind and description, I give and bequeath to my beloved husband, C. C. Mize, to have and to enjoy same during his natural life, and at his *death* should there be anything left, it is my wish that it shall go to the Presbyterian church of the city of Somerset, same to be used as the church may direct.

"Fourth. I hereby nominate as executor of this my last will and testament my beloved husband, C. C. Mize, and direct that he be permitted to qualify as such executor without bond."

The appellants, trustees of the Presbyterian church, contend that there is devised to the appellee, C. C. Mize, a life estate only, and that as the devisee of such estate, he is given only the use of the property in kind, and the income arising from the other property, of which the estate consists, during his natural life, and that as a devisee of the remainder, the church has a vested interest in all the property. The appellee, C. C. Mize, contends, that the will gives to him an absolute fee simple title to all of the property of the testatrix, and that the appellant has no interest therein, whatever. The parties each requested the court to construe the will and determine what kind of an estate it devised to the appellee, and thus determine all the questions in controversy between them. Thereupon, the circuit court adjudged, that under and by the terms of the will, that C. C. Mize has a fee simple estate, in and to all the property of the testatrix with power to use, sell and convey same or any part of it during his natural life, if he desires to exercise it, and that the appellant, church, under the terms of the will does not have any vested interest in the property, or any interest of any kind during the natural life of C. C. Mize, but, if any of the property is left at the death of Mize, and which he had not disposed of in the enjoyment of same during his life, the church was entitled to such part, so left undisposed of. This judgment resulted in the dismissal of the petition of appellant, church, and a denial of the relief prayed therein. The trustees of the church have appealed from the judgment.

(a) The first question to be determined is: What estate in the property was devised to C. C. Mize? It is insisted that the primary object in construing a will is to ascertain and declare the intention of the testator. This doctrine is elementary, and it might be further added, that the rules of construction adopted and adhered to by the courts, in the construction of wills, have for their purpose the ascertainment of the intentions of the testator, and are invoked as aids to the great primary principle of determining the intentions of the testator. The intentions of a testator are, however, to be gathered from a consideration of the entire will, and it is appar-

ent, as a rule of common sense, that every provision of a will must be given effect, if they can be construed, so as to make them consistent with each other. In the instant case, the testatrix devises all of her property to her husband, "to have and to enjoy same during his natural life and at his *death* should there be anything left, it is my wish that it shall go to the Presbyterian church, of the city of Somerset, same to be used as the church may direct." She expressly limits the possession and enjoyment of the property by her husband to the period of his natural life. It is expressly provided, that at his death, the property, or such as may be left, is to go to the church to be used as it may direct. There is no antagonism between the provision, which gives the possession and enjoyment of the property to the husband, during his natural life, and that which gives, whatever may remain of the property, at his death, to the church. To hold that the will gives to the husband, an absolute fee simple, estate, in the property, necessarily requires that the devise over to the church of what is left, at the death of the husband, be held, to be entirely nugatory, and without meaning or effect, at all, and it, furthermore, requires, that the language "to have and to enjoy during his natural life and at his *death*" to have a meaning altogether contrary to what it expressly says, according to accepted meaning of the language used. The intention of the testatrix must be gathered from the words used or the necessary inferences which result from their use. Anderson v. Hall, 80 Ky. 91. Hence, it seems that the conclusion is irresistible, that the testatrix did not intend to vest her husband with a fee simple estate in her property, but a life estate, and it was held in Cecil v. Cecil, 161 Ky. 422, that when a life estate has been once expressly created, by a will, that language, thereafter, used, which is short of plain and explicit terms, will not be construed as enlarging that estate. Whatever may have been the results of the attempted application of the doctrines hereinafter, set out, in certain cases, it is well settled, in this state, that where property is devised to one absolutely, with the power of unlimited disposition of the property, and by an after clause of a will, it is attempted to devise over an undisposed of remainder of the property, the limitation over is void; but, where a life estate only is devised, and the life tenant given a power of disposition, a limita-

tion over of such of the property as may remain undisposed of by the life tenant, at his death, is a valid limitation.    Clay v. Chenault, 108 Ky. 77; Dulaney v. Dulaney, 25 R. 1659; Becker, et al. v. Roth, et al., 132 Ky. 429; Nelson v. Nelson, 140 Ky. 410; Ball v. Hancock, 82 Ky. 107; Mitchell v. Campbell, 94 Ky., 347; Moore v. Webb, 2 B. M. 282; Watkins v. Watkins, 120 S. W. 341; Lee v. Moore, 93 S. W. 911; McCullough's Admr. v. Anderson, 90 Ky. 126; Pedigo's Extr. v. Botts, 28 R. 196; Payne v. Johnson, 95 Ky. 175, and many others.    Hence, in the instant case, as a life estate, only, is devised, although it may be accompanied with a power of disposition, by the life tenant, which question will be hereinafter determined, the devise over of what may remain of the property, undisposed of at the termination of the life estate, is a valid limitation.    If the testatrix had intended by the will to give her husband a fee simple estate, in the property, she could and would have naturally done so, by much fewer words and would have left out all reference to the possession and enjoyment of it during his lifetime, and also, what should become of what should remain of it, after his death.    It would have been idle to make a devise in remainder of the property, when she understood, that there did not exist any remainder, and that there would not be.    The time, in which the husband is "to have and enjoy" the property is restricted by the language of the will to the duration of his natural life.

(b)   If only a simple life estate is given the husband, the rights of the parties would be plain, as the life tenant would be entitled to the use and income of the property, only, and the church as the owner of the remainder interest would have a vested estate, and, ordinarily, if the life tenant is given possession of the property, he could be required to execute a bond, to secure the interest of the owners of the remainder interests.    A difficult question arises, when it is undertaken to determine, whether the life estate given to C. C. Mize, is accompanied with a power of disposition and if so, what is the extent of the power and for what purpose may it be exercised? Where a life estate is devised, whether it is accompanied with a power of disposition, and if so, to what extent, and for what purposes it may be exercised, is ascertained from the language used, the entire will, and the evident pur-

pose and intention of the testator, as gathered from the will, as the intention of the testator may be ascertained, relative to any other portion of a will. The following adjudications show in the respective instances dealt with, that, the life tenant, with a power of disposition, may sell and dispose of the estate preserving the proceeds under the same terms, as the property disposed of, or is restricted, in the exercise of his power to a disposal of the property, for certain purposes, or is limited to a disposal of the property to the necessities of a comfortable support for himself, or to only such disposition as one may make of a simple life estate, in accordance with the intention of the testator to be ascertained from the entire will. Embry's Extrx. v. Embry's Devisees, 31 R. 295; Martin v. Barnhill, 21 R. 1666; Coats v. L. & N. R. R., 92 Ky. 263; Kleber v. Kleber, 24 R. 7; Pedigo v. Botts, 28 R. 196; McCormick v. McCormick, 121 S. W. 450; Anderson v. Hall, *supra;* Hosman v. Willett, 32 R. 908; Becker v. Roth, 132 Ky. 433, and many others.

In the instant case, there is no express power of disposition given to the life tenant, but such a power exists, if it is necessarily implied, from the terms of the will, and it must necessarily be impled, if any force or meanng is to be given to the words "to enjoy during his natural life and at his death should there be anything left." Evidently the testatrix, by the use of the language, contemplated a diminution of the property, and she provided no method for its diminution, except by the enjoyment of it by the life tenant. The devise over of what should be left at the death of the life tenant, necessarily means that portion of the property bequeathed, which shall not have been disposed of at that time, and not having provided, in the will, for any disposition of it by anyone else, it necessarily confers by implication such a power upon the life tenant for the purpose of its enjoyment. Necessary implication relative to such a matter, was defined by this court, citing 1 Vess & B., 468, in Galloway, etc. v. Durham, 118 Ky. 546, as follows: "Necessary implication means, not natural necessity, but so strong a probability of intention, that an intention contrary to that which is imputed to the testator can not be supposed." The words of a will, containing language similar to that used in the will, in the instant case,

was construed, in Parks v. McCombs, 146 Ky. 327, to imply a power of disposition, in the life tenant. That this power is not unlimited is plain. There would be no reason for making a devise over of the property not disposed of at the death of the life tenant, if the life tenant had an unlimited power to dispose of it, at such time and upon such occasion as he should choose. Neither would there exist any reason for the testatrix giving a life estate to her husband, at all, but, if she had intended that he should have an absolute estate, and an unlimited power of disposal, would be the equivalent, she would have so stated, in the will, in place of the terms, she did use to describe his estate. She was childless, and it is easy to be seen, that it was her desire and intention to create for her husband, the estate which she thought would be most beneficial to him, but, probably not the estate, which he might consider most beneficial to himself. She evidently contemplated and intended that the uses to which the husband would make of the estate, would not consume it all during his lifetime, or else, there was no occasion for a devise of the remainder. She intended in the language of the will to give it to him to be ''enjoyed'' by him, during his lifetime. If anything remained above, what was necessary to be consumed for his reasonable support during his life, she intended that the church should receive it as the devisee, in remainder. He cannot waste the estate nor give it away, nor dispose of it, except for his own necessary use. That is the meaning of the implied power of disposal. He has a right to the entire income from the property, and may encroach upon the principal, if such an encroachment is necessary to a reasonable and comfortable support for himself. He is authorized to make a sale of the property, or of such part of it as may be necessary for the attainment of the above results.

(c) Hence, it is concluded, that the appellee, C. C. Mize, has a life estate, in the property, and entitled to its income, and that his life estate is coupled with a power to dispose of it, or such part, as may be reasonably necessary to provide him a comfortable maintenance during his natural life, and that the appellant has a vested right to whatever portion of the estate may be left undisposed of at the death of the life tenant. The contingency is as to the amount of the estate, which may be then undisposed of.

(d)   The will provides, that the life tenant is "to have and enjoy" the property during his natural life, and provides that as executor that no security shall be required of him, which the expression "be permitted to qualify as such executor without bond" evidently means. Where from the entire will it is apparent, that the intention of a testator is, that the life tenant shall have the possession and use of the property, and there is no disposition to waste or destroy the property, or to make use of it, other than as authorized by the will, is shown, a bond for the security of the remainderman will not be required. Hill v. Harding, 92 Ky. 76; Cecil v. Cecil, 161 Ky. 423.  Although under the above rule, the life tenant may not be required to execute bond, before being permitted the possession of the property, bequeathed to him, for life, such condition will not excuse appellee from reporting the property, which came to his hands, and making settlements, with the proper authorities, which will show the receipts and disbursements, and any disposition of the property, as is incumbent upon any other trustee.

For the above reasons, the judgment is reversed and cause remanded for proceedings consistent with this opinion.