Mrs. Hartley A. RENO'S EXECUTOR (William L. Reno, Jr.), Appellant,

v.

E. LUCKETT et al., as The Kentucky Tax Commission, Appellee.

Court of Appeals of Kentucky.

Oct. 26, 1956.

Rehearing Denied March 8, 1957.

675

Armendt). If she is not living, to her heirs.

"Written and signed in my own hand. Last Will and Testament. ·

"Anne Hartley Tyler

"May 28, 1906."

The facts are not in dispute and are stipulated. Mrs. Reno was the niece of Miss Tyler and her sole heir-at-law at the time the will was written, as well as at the time of Miss Tyler's death. Mrs. Reno's mother was the sister of Miss Tyler. When Mrs. Reno was a small child her mother died, her father remarried soon thereafter, and the child went to Miss Tyler's home and was reared by her. There seems to have been an estrangement between the child and her father in which Miss Tyler joined on the child's side. Mrs. Reno married in 1904, but continued to live with her aunt a year thereafter. Miss Tyler died in December 1908, and her will was probated in February 1909.

No trustee was ever appointed for Mrs. Reno under her aunt's will and it must be conceded no trust was created by that instrument; or if so, it was a "dry trust" and not enforceable. Winn v. William, 292 Ky. 44, 165 S.W.2d 961, 965. It was stipulated Miss Tyler frequently expressed to a neighbor, Miss Carrigan, that she intended to leave her property in trust to Mrs. Reno for life, with remainder to Mrs. Reno's heirs. In April 1923, Mrs. Reno, joined by her husband conveyed to W. S. Gaines by general warranty deed one piece of real estate which had been in the estate of Miss Tyler.

The question for determination in construing this will is the meaning of the sentence, "If she is not living, to her heirs." Appellant insists these words mean or refer to the death of Mrs. Reno at any time, hence she took only a life estate; while appellee urges they mean or refer to the death of Mrs. Reno during the life of testatrix, therefore Mrs. Reno took the absolute fee, since she survived testatrix.

David C. Brodie, Owensboro, for appellant.

Bradford T. Garrison, Dept. of Revenue, Legal Section, Frankfort, for appellee.

SIMS, Judge.

This is an appeal from a judgment of the Franklin Circuit Court upholding a ruling of the Kentucky State Tax Commission that the decedent, Mrs. Hartley A. Reno, took the fee, and not a life estate, in certain real property under the will of Miss Anne Hartley Tyler. Therefore, the property was correctly included within the estate of Mrs. Reno for inheritance tax purposes.

The holographic will of Miss Tyler reads:

"May 28, 1906.

"Will of A. Hartley Tyler

"All my property, personal and real estate, after debts are paid, I leave in trust, for Hartley Alexander Reno (nee

It is an established rule in the construction of wills that where the bequest is simply "to A and in case of his death, or if he die, to B, A surviving the testator takes absolutely." 3 Jarman on Wills (7th Ed.) p. 2080. The reason for the rule is, there is no contingency about A's death—it is certain to occur sometime—and in using words of contingency with respect to an event which is certain, testator must have had in mind that contingency happening during her own life. 57 Am.Jur. "Wills", § 1237, p. 818. This rule has been applied consistently in this jurisdiction. Johnson v. Foley, 302 Ky. 848, 196 S.W.2d 733, where it was said the law favors the early vesting of a fee simple estate and all doubt will be so resolved unless a contrary intent is indicated by the words used by testator.

It is argued by appellant that the stipulation plainly shows it was Miss Tyler's intention to leave her property in trust to Mrs. Reno for life, with remainder to her heirs, because she often expressed such intention to her neighbor, Miss Carrigan. However, the will itself shows no such intention. We have many times written that in arriving at the intention of testator in construing wills the question in each case is not, "What did testator mean or intend to say?" but, "What is meant by what he said?" Kurrie v. Kentucky Trust Co., 302 Ky. 592, 194 S.W.2d 638, 640, and the authorities therein cited.

Appellant cites a great many cases, both domestic and foreign, in support of his argument that in using the words, "If she is not living, to her heirs", Miss Tyler meant Mrs. Reno's death at any time and did not intend to limit that event as occurring before testatrix' own death. These authorities are too numerous for us to discuss and distinguish them from the case at bar, as that would extend this opinion beyond all reasonable length. It will suffice to say an examination of them convinces us they are not applicable here.

For the reasons given the judgment is affirmed.