**Sue McCRAY et al., Appellants,**

v.

**Rebecca Sutton LONG et al., Appellees.**

Court of Appeals of Kentucky.

June 14, 1957.

George E. Barker, Weldon Shouse, Lexington, for appellant.

Stoll, Keenon & Park, C. W. Swinford, Lexington, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment setting aside a county court order of probate of the holographic will of Mary Anderson Brown. The lower court determined that the will was conditional in nature and that the condition was not met.

Appellants are the chief beneficiaries under the will. Appellees are the heirs at law of Mary Brown.

The will of Mary Brown opened with the words: "I go to the hospital very soon

for an operation. In case of my death, and only in case of my death, I want to leave * * *." Then followed a disposition of her property. The last sentence of the will read as follows: "This is only to be carried out in case of my death from this operation in the near future."

In July of 1952, Mary Brown entered the hospital to have an operation for the removal of her bladder. This was necessitated by the fact that the organ was cancerous. It was shortly before entering the hospital that she executed the will and delivered it to Mrs. Sue McCray for safekeeping. Mary Brown survived the operation and returned to her home. However, the operation failed to eliminate the malignancy, and she had to return to the hospital in the latter part of 1953. She died in March of 1954 while still in the hospital.

The lower court ruled that the validity of Mary Brown's will was contingent upon her dying as the result of the operation she underwent in 1952. Since she survived the operation, and in fact lived almost two years more, it was adjudged that the contingency was not met and the will was invalid.

 Appellants seek to invoke the principle that where there is reasonable doubt as to whether a will was intended to be contingent or permanent, the doubt will be resolved in favor of its permanency. Walker v. Hibbard, 185 Ky. 795, 215 S.W. 800, 11 A.L.R. 832. It is urged that this will is not clearly contingent. The argument presented to support this contention is not convincing. It is difficult to see how this will could be construed otherwise than as contingent. The testatrix very specifically contemplated death as the result of a particular operation. She declared that the will was only to be carried out in case of her death (1) "from this operation", and (2) "in the near future". She neither died as a result of this opera-

tion nor did she die in the near future after it was performed.

To buttress their theory of construction, appellants introduced extrinsic evidence of the testatrix' later expressed intentions. Evidence was introduced to the effect that between the time the testatrix left the hospital after her first operation and the time of her death, she made several references to the will to Mrs. McCray and asked her to continue to take care of it.

Aside from the question of the competency of this type of testimony, it does not give any clear indication of the intention of the testator *at the time she wrote the will.* This, of course, is the critical time. Walker v. Hibbard, 185 Ky. 795, 215 S.W. 800, 11 A.L.R. 832. This evidence is just as open to the inference that the testatrix changed her mind after the will was written as it is to the inference that she intended it to be absolute when she wrote it.

Appellants cite the case of In re Cook's Estate, 173 Cal. 465, 160 P. 553, wherein the expressions, "if I should die from the operation," and "in case I do not live through the operation," were construed to mean that the effectiveness of the will was contingent upon death from the operation or from the disease the operation was intended to relieve. As pointed out earlier, the testatrix here was operated on for cancer and, although she survived the operation, she eventually died of that disease.

Even if we were inclined to take the extreme view of the California court, the language employed by the testatrix here is considerably stronger than that in the California will. Here the testatrix used the phrase "from *this* operation *in the near future*". (Emphasis ours) Even if it is conceded that she intended the will to take effect as a result of death from the disease as well as death from the operation, the additional phrase "in the near future" would cut off its effectiveness sometime before the expiration of two years.

Appellants also contend the will was republished by a second writing given to Mrs. McCray by the testatrix shortly before she went to the hospital the last time. This writing read as follows: "After you all have sold Pine Forest—this request—put a peice of stone exactly the same as Brownie's (to me), Mary H. Brown, January 29th, 1891, and the date of my death. M. A. B."

 It is urged that this is a codicil to the will and had the effect of reviving it. However, this writing cannot be so considered. A codicil must be executed in the manner required for making a will. KRS .394.100. This writing was neither signed nor dated as required by KRS 394.040.

The judgment is affirmed.