**Rose L. KIRK et al., Appellants,**

v.

**Edith LEE, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

Rehearing Denied June 10, 1966.

Robert A. Becht, Matthew B. Quinn, Jr., Louisville, for appellants.

Burlyn Pike, Taylor & Pike, Shepherdsville, for appellee.

WILLIAMS, Judge.

Lorenzo Johnson died testate on January 31, 1958, leaving his wife, Fleta Johnson, surviving. His holographic will reads as follows:

"To whom this may concern I am makin my will an this is to certify at my death Lorenzo Johnson every thing that I owe are to go to my beloved wife Fleta Johnson which she will have full

judiction over every thing & that they are not to be any administrator every thing will go to her Fleta Johnson & at this date I owe Mrs. W. H. Gillett some money which I hop I wont owe at my death but if I do I will ask my wife to consult Mrs. Gillett & Henry Wurt for the best advice for her to do. In case I am not out of debt the insurance will clear every thing and I further more will advise my wife to look forward & at her death if any thing are left to singn every thing over to Edith Lee who at the present time lives in Shepherdsville Bullitt County.

"This is my best wishes & I will state one time mor at my death every thing goes to my wife Fleta Johnson & no one to have any thing to do with any thing that is left to her. Now I sign my name in full.

Lorenzo Johnson"

Fleta Johnson died intestate on July 8, 1962, leaving appellants as her sole heirs at law. They now claim by intestacy the property devised to Fleta by Lorenzo's duly probated will. They contend the will gave Fleta fee simple title to the property. Appellee Edith Lee argues that Lorenzo's will gave Fleta a life estate with power of disposition and remainder to Edith Lee. The chancellor construed the will as devising to Fleta a life estate with power of disposition and remainder to appellee. This appeal is from a judgment to that effect.

■■ The central issue is whether the testator by the language used in his will devised a fee simple estate to Fleta Johnson or whether he devised a life estate with power of disposition. If doubt or uncertainty arises from the language used in a will, resort may be had to the technical rules of construction for clarification. Hall's Adm'r v. Compton, Ky., 281 S.W.2d 906. Here, the conflicting provisions create sufficient doubt or uncertainty of the testator's intentions to necessitate the use of applicable rules of construction.

■ "If a patent ambiguity alone exists, the intention of the testatrix must be determined only from the language used by her in the will, and extrinsic evidence is not admissible to change the construction or interpretation of such language." Hall's Adm'r v. Compton, supra. It will be observed that parol evidence is sometimes admitted in construing a deed which is patently ambiguous, but that rule has not been extended to construction of wills. See Caudill v. Citizens Bank, Ky., 383 S.W.2d 350. Certainly the conflicting provisions appearing on the face of this will created a patent ambiguity. We, therefore, must determine what is meant by what the testator said in the will. Reno's Ex'r v. Luckett, Ky., 298 S.W.2d 674.

■ The testator states three times in explicit terms that everything is to go to his wife. However, the problem centers around the provision: "and I further more will advise my wife to look forward & at her death if any thing are left to singn every thing over to Edith Lee who at the present time lives in Shepherdsville Bullitt County." This Court has held that the "wishes of the testator, indicated by such words as 'wish,' 'request,' 'recommend,' or 'desire,' are not deemed mandatory unless it appears a legal and enforceable obligation was intended to be created. Unless the context forces the conclusion that the precatory words were used in a stronger sense, they will not be construed as a limitation on the primary estate devised." Swango v. Swango's Adm'r, 313 Ky. 495, 232 S.W.2d 347, 348. We do not doubt that the testator *hoped* that his wife would devise any undisposed part of his estate to the appellee, but by his use of the words "advise" and "to look forward" in the total context of this instrument we can reach no other conclusion than the testator never intended to create a legally binding obligation at the time of his death. The natural connotation of the language employed in the instrument indicates only a suggestion or recom-

mendation that the wife take care of the appellee rather than the creation of a technical legal right in the appellee.

The judgment is reversed, with directions to enter judgment for the appellants.