**Nancy S. ARNOLD et al., Appellants,**

v.

**Nancy Arnold BARBER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1971.

J. Smith Barlow, Jr., Bardstown, for appellants.

James E. Bondurant, Hodgenville, Charles E. Gaines, Louisville, Challen P. McCoy, Bardstown, for appellees.

GARDNER, Commissioner.

By a holographic will W. O. Stiles left his estate to his widow for life with full power of encroachment upon the corpus, and upon her death any unconsumed assets to be disposed of as follows:

> "Whatever is left at her death is to go equally to my children but to be held in trust for them and only the income to be paid them."

At the time of the death of the widow there remained real estate of the value of $60,000 and personal property of the value of $100,000. The four children of W. O. Stiles instituted a suit for a declaration of rights against the 17 grandchildren. The only problem at hand is the correct interpretation of the above quoted portion of the will. The Chancellor determined that the will created in the children a life estate with the remainder to the grandchildren. We believe the Chancellor was in error.

The court will look to the intention of the testator as gleaned from the will itself. As stated in Reno's Executor v. Luckett, Ky., 298 S.W.2d 674 (1956), at page 676:

> "We have many times written that in arriving at the intention of testator in construing wills the question in each case is not, 'What did testator mean or intend to say?' but, 'What is meant by what he said?'"

An analysis of the will reveals that the intention of the testator is not readily apparent. Some established rules of construction must be resorted to. There is a presumption against partial intestacy, and in cases of doubt as to the character of the estate devised the doubt will be resolved in favor of an absolute estate. Citizens Fidelity Bank & Trust Co. v. Schellberg, Ky., 238 S.W.2d 142 (1951); Robertson v. Sur-

gener, Ky., 386 S.W.2d 468 (1965), KRS 381.060(1) provides:

"Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

This section of the statute was cited by the court in Medcalf v. Whitely's Adm'x, 290 Ky. 94, 160 S.W.2d 348 (1942), wherein it is said:

"The fact that there was no devise over after the death of Mary F. Whitely strongly indicates that there was no intention on the part of the testator to defeat the fee simple estate vested in her son. * * * Another rule of construction furnishing a degree of support for our conclusion is the well known rule that in case of doubt as to the quantity of estate devised the general rule is that the creator of the estate intended it as an absolute rather than a qualified estate."

The instant will provides "only the income to be paid them." There is no limitation of time or further disposition of the corpus. In 4 Bowe-Parker: Page on Wills, section 33.40, we find:

"Prima facie a gift of income arising from personalty without any restriction as to the time for which such income is to be paid and without any disposition of the corpus of the fund, is an absolute gift of such corpus. * * * A gift over, after the determination of a prior interest, shows that testator did not intend that the corpus should pass to the first taker; but if he gives the income, after the interest of the first taker has determined, to another without any limit on the time for which he is to receive the income, the subsequent taker is given the corpus."

To the same effect is Scheinman v. Marx, Ky., 437 S.W.2d 504 (1969), where one of the clauses of the will is as follows: "I bequeath the income of one-tenth of my estate to my niece Mrs. Solon Bernstein of New York City." In declaring this to create a fee simple title in the corpus we pointed out that it has been held consistently that an unqualified gift of rents, profits, and income passes the fee simple title to the property. Cf. Shedd's Adm'r. v. Gayle, 288 Ky. 466, 156 S.W.2d 490 (1941), and Bain v. Hardin, 223 Ky. 792, 4 S.W.2d 745 (1928).

The grandchildren rely on Blackburn v. Blackburn, 167 Ky. 113, 180 S.W. 48 (1915), as authority for the proposition that a valid trust was created in the instant case and the grandchildren are entitled to the corpus after the death of the children. It is noted, however, that in the Blackburn case the will directed the trustee to take and manage the property, collect dividends, and apply the proceeds "for the benefit of his grandson, Harry G. B. Blackburn, for and during his natural life." The court concerned itself exclusively with the question of whether the instrument created a naked—that is, a dry or simple—trust. It was there determined that the trustee was required to perform duties sufficient in importance and variableness to create an active trust. In the Blackburn case the trust was to continue, "for and during his natural life." There is no such specification in the instant case.

It is our conclusion that the children of W. O. Stiles received the fee simple title to the assets of the estate after the death of the widow.

The judgment if reversed.

All concur.