**UNIVERSITY OF LOUISVILLE and
Visiting Nurse Association,
Appellants,**

**v.**

**LIBERTY NATIONAL BANK & TRUST
COMPANY, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 14, 1973.

S. L. Greenebaum, Michael M. Fleishman, Greenebaum, Grissom, Doll, Matthews & Boone, Louisville, for University of Louisville.

James S. Welch, Ogden, Robertson & Marshall, Louisville, for Visiting Nurse Association.

Ray W. LeMaster, Jr., Edwin H. Stierle, Louisville, Jacob G. Rudy, New Albany, Ind., Joseph J. Kaplan, Leslie D. Aberson, Garland Hubbard, Louisville, Henry B. Reiling, New York City, for appellees.

CULLEN, Commissioner.

The circuit court entered a judgment holding that the Federal estate taxes and Kentucky inheritance taxes assessed against the estate of Harry R. Kettig, deceased, should be paid "off the top" of the estate rather than proportionally out of each bequest that contributed or added to the tax liability. The result of the holding was to decrease substantially residuary bequests for certain educational, religious and charitable purposes. The recipients of the latter bequests have appealed, maintaining that since the bequests to them did not create any of the tax liability they should not be required to bear any of the burden of paying the taxes.

The parties agree that the rule in Kentucky is that the share of each legatee which contributes or adds to the amount of

the federal estate taxes and state inheritance taxes shall bear its proportionate part of those taxes, unless the will "indicates" a contrary intent. See McKinney v. Mt. Sterling Nat. Bank, 310 Ky. 186, 220 S.W. 2d 379. The issue before us is whether the circuit court correctly determined that Kettig's will did indicate such a contrary intent.

The first clause of the will is as follows:

"My debts, funeral expenses and costs of administration are to be paid and all Federal and State estate and inheritance taxes assessed against my estate and all beneficiaries therein named, are to be paid out of my estate."

In the second, third and fourth clauses Kettig made specific bequests of personal effects and money, primarily to friends.

The fifth clause commenced with these words: "The residue of my estate, of every kind and wherever situated, will be divided by the executor into two (2) equal portions and held and distributed as follows:" The directed division was that one-half of the residue go to named educational, religious and charitable uses, and the other one-half to the testator's cousins.

It is our opinion that the will does indicate the intent that the taxes be paid "off the top," our opinion being influenced by these considerations:

1. The taxes are grouped with the debts, funeral expenses and costs of administration in the direction in Clause No. 1 as to payment, and since the latter items clearly are payable "off the top" the indication is of the intent that the former be paid in the same way.

2. The sequence or order of arrangement of the will's clauses naturally indicates that the residue, disposed of in Clause No. 5, will consist of what remains after the previous four clauses have been complied with. Thus, payment of the taxes, as directed in Clause No. 1, would be made before the residue is ascertained.

3. The direction in Clause No. 5 that the residue be divided into two *equal* portions gives indication, when considered with the other clauses, that the testator intended *after-tax* equality.

4. Clause No. 1 would be pure surplusage or "boilerplate" if not construed as evidencing the intent that the taxes be paid "off the top."

The construction we are making comports with constructions made by the New York and California courts of comparable wills. See In re James' Estate, 180 Misc. 441, 40 N.Y.S.2d 4; In re Moritz' Will, 48 Misc.2d 323, 269 N.Y.S.2d 734; Estate of Keller, 134 Cal.App.2d 232, 286 P.2d 889.

We fully recognize that the Kentucky case of McKinney v. Mt. Sterling Nat. Bank, 310 Ky. 186, 220 S.W.2d 379, in some respects may be considered to adopt a different view from that we are here taking. There, the first clause of the will was:

"I direct the payment of all my debts, taxes of every kind, and the expenses of my burial and the winding up of my estate."

The McKinney will also contained a residuary clause.

It might be argued that the McKinney will is distinguishable in that it did not expressly direct payment of the taxes "out of my estate," did not specifically mention taxes assessed against individual beneficiaries, and did not provide for a division of the residuary estate into equal portions. However, there is no escape from the fact that the McKinney decision does not recognize any significance in the grouping of taxes with debts, etc., in a direction for payment, or in the order or sequence of the will's clauses. So the McKinney decision simply is not reconcilable with our decision here.

It appears to us that although the McKinney decision says that if there is *any indication* in the will of the testator's intent that the inheritance and estate taxes be paid "off the top," that intent will be given effect, the real holding was that such an intent, to be given effect, must be expressed in one-syllable words, in capital letters. We get the feeling that the court, in *McKinney,* was so convinced of the equity and fairness of the proposition that the taxes should be borne by the beneficiaries whose legacies created the tax liability, that the court would not recognize a contrary intent that was expressed in language any less than crystal clear.

Our view is that the testator's intent should be determined from what he says, and that the plain meaning of his words should not be discounted by reason of the court's ideas of what is fair and equitable.

The simple truth is that the only way Clause No. 1 of the Kettig will can be held not to express the intent that taxes be paid "off the top" is by saying that it has no meaning at all and is pure surplusage. (That is what an Ohio court said as to a similar clause in In re Carrington's Estate (Prob.Ct.Ohio), 136 N.E.2d 182.) However, to say that is to violate the rule of construction that language in a will cannot be rejected as surplusage if by any reasonable construction it can be given significance. Hall's Adm'r v. Compton, Ky., 281 S.W.2d 906; Grątz v. Hamilton, Ky., 309 S.W.2d 181; Batts v. Fugate, Ky., 317 S.W.2d 856.

It is our conclusion that *McKinney* does not conform to established rules of construction of wills, wherefore we overrule it to the extent it conflicts with the instant opinion.

We recognize that some cases from other jurisdictions take the *McKinney* approach. See In re Carrington's Estate (Prob.Ct.Ohio), 136 N.E.2d 182; Carlisle v. Delaware Trust Co., 34 Del.Ch. 133, 99 A.2d 764; Thompson v. Wiseman, 233 F. 2d 734. But we are no more persuaded by them than we are by *McKinney.*

The judgment is affirmed.

PALMORE, C. J., and JONES, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., concur.