ESTATE OF PETER ORPHANOS, DECEASED, AND FIRST SECURITY NATIONAL BANK & TRUST CO., EXECUTOR, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5516–75.   Filed February 9, 1977.

*William H. Beck,* for the petitioners.
*Wayne M. Bach,* for the respondent.

TIETJENS, *Judge:* Respondent determined a deficiency in petitioner's estate tax return in the amount of $31,968.12.

The issue in this case is whether a bequest in trust for the purpose of erecting and equipping a hospital in Kerasitsa, Greece, qualifies as a charitable deduction under section 2055.[1]

### FINDINGS OF FACT

The parties prepared a stipulation of some of the facts and exhibits which we so find.

Decedent Peter Orphanos died testate on December 22, 1971. His estate is the petitioner in this case. The executor for his estate is First Security National Bank & Trust Co. of Lexington, Ky.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

In his will dated January 6, 1968, decedent made a bequest of $1,000 to each of two sisters residing in Greece and to a nephew he left a life estate of the rental income from a jointly owned apartment building in Greece. The fee simple interest he left to a great-nephew. To the first nephew he also left rental income from property in Greece to be received until decedent's great-nephew should reach the age of 30 at which time the great-nephew would take the property in fee.

In item VI he created the trust at issue in this case. In it he stated:

I am the owner of certain real property located in Lexington, Fayette County, Kentucky and two lots in Owington, Kentucky. All of said property I give and devise to the First Security National Bank of Lexington, Kentucky, and George Orphanos of Saint Louis, Missouri, as co-trustees with the direction that they, as co-trustees, collect rent and out of said rental that they pay the necessary costs of maintaining said property in good repair and they pay taxes out of said rentals and I further direct that at such time as my co-trustees have accumulated a sufficient amount that they expend said collection of rentals, and they are directed with said money to erect a hospitol [sic] in Kerasitsa, Greece, following which the trust shall terminate and my co-trustees, or if George Orphanos be dead at said time, then the remaining trustee, shall sell at public auction, and I so direct, all of my said property located in Lexington, Kentucky, for the purpose of enlarging and purchasing equipment for use at the said hospitol [sic] in Kerasitsa, Greece. The hospitol [sic] shall be named "Peter Orphanos Hospitol." [sic]

The decedent included no further directions as to the treatment of his property.

Petitioner timely filed an estate tax return on which it claimed a charitable deduction for the property included in the hospital trust. Respondent subsequently disallowed the charitable deduction.

OPINION

Respondent argues that: "The petitioner is not entitled to a charitable deduction for the value of property left in trust to build a hospital, since the ownership of the hospital will pass to the decedent's heirs at law."

Respondent's determination that upon termination of the trust the hospital will pass by intestacy to the heirs of decedent gives rise to his only apparent objection to the deduction which is that ownership of the hospital by decedent's heirs would not qualify for a deduction under

section 2055. He makes no argument that if we find the remainder interest vested in some entity other than decedent's heirs that the bequest is still outside the bounds of section 2055.[2] Petitioner asserts that decedent intended for the hospital to pass to the village government upon its completion and that this intent establishes the charitable nature of the bequest.

There are no explicit directions in the will clause or in any other part of the will as to ownership of the hospital after the trust terminates. Respondent states and petitioner apparently agrees that who takes must be determined pursuant to the rules of will construction as stated in the statutes of Kentucky and as interpreted by the State's courts.

The cardinal rule of construction in Kentucky is the determination of the testator's intent. The courts are to carry out this intent unless some positive provision of law or general principle of public policy opposes it. *Fitschen v. United States Trust Co.*, 233 S.W.2d 405 (Ky. 1950); *Harrison v. Shippen*, 419 S.W.2d 557 (Ky. 1967); *Graham v. Jones*, 386 S.W.2d 271 (Ky. 1965); *Harlan National Bank v. Brown*, 317 S.W.2d 903 (Ky. 1958); *McCray v. Long*, 303 S.W.2d 296 (Ky. 1957). Furthermore, the "testator's intent should be determined from what he says" in the whole will. *University of Louisville v. Liberty Nat. Bank & T. Co.*, 499 S.W.2d 288 (Ky. 1973).

Peter Orphanos in his will made specific monetary bequests to two sisters. In the event either sister predeceased him the sum was to be divided among the sister's children living at her death. He also gave specific directions as to the treatment of property which he owned in Greece. A nephew was to receive rental income and a great-nephew was to receive the title to these properties on the occurrence of certain specified future events.

Our analysis of these parts of the will is that the testator had specific heirs in mind whom he wished to benefit. The specificity with which he described the bequests and the beneficiaries leads us to believe that he had no intention of

---

[2] See Rev. Rul. 74-523, 1974-2 C.B. 304, "Charitable Bequest to Foreign Government or Political Subdivision."

bestowing the remainder of his property on these heirs or upon any unmentioned heirs.

As for the property placed in trust we are of the opinion that he intended both to benefit the City of Kerasitsa by building it a hospital there and to create a memorial to himself by giving the hospital his name.

Respondent makes no argument that this was not the testator's intent; he merely states that title to the property on termination of the trust passes by intestacy to the heirs at law. He relies exclusively on one rule of will construction which states as its premise that failure to devise a remainder interest results in intestacy. *Calloway v. Calloway,* 171 Ky. 366, 188 S.W. 410 (1916); *Wright v. Singleton,* 190 Ky. 657, 228 S.W. 38 (1920).

We believe respondent's analysis is incomplete. The overriding rule in will construction is determination of the testator's intent by examining the will as a whole and the language used therein. *Trustees Presbyterian Church, Somerset v. Mize,* 181 Ky. 567, 205 S.W. 674 (1918). If the testator's intent is not readily apparent, *then* established rules of construction are to be utilized. *Arnold v. Barber,* 472 S.W.2d 466 (Ky. 1971). In that case decedent left his estate to his wife for life and then directed: "Whatever is left at her death is to go equally to my children but to be held in trust for them and only the income to be paid them." There were no further directions as to the disposal of the property. Consequently, the children of decedent filed suit against his grandchildren for a declaration of their rights. The court, after deciding that the testator's intent was not readily apparent, relied on the presumption against partial intestacy and the rule which states that in cases of doubt as to the character of the estate devised, the doubt will be resolved in favor of an absolute estate to reach its decision. It concluded that the children of decedent received the fee simple title to the assets after the death of decedent's wife.

Respondent's objection seems to arise because there is no specific designation of who will take title to the hospital when it is built in Kerasitsa and then equipped. So far as we can determine, Kentucky's highest court answered this objection in an early case which dealt with a charitable bequest. It stated that the intention of the testator is to be construed, and

if the real objects of his bounty can be ascertained, the devise is to be enforced for their benefit, and not allowed to fail for want of a trustee or other person in whom the title may vest. *Penick v. Thom's Trustee*, 90 Ky. 665, 14 S.W. 830, 832 (1890). See also Ky. Rev. Stat. sec. 381.270 (1942). On the meager facts we have we think the object of the testator's bounty was Kerasitsa, and that he wished to have built for it a hospital that bore his name. Consequently, upon termination of the trust, ownership of the hospital will not pass by intestacy but will vest in the village of Kerasitsa or its representative. Not only are we convinced that this was the testator's intent but that the rules of will construction favored by the Kentucky courts are those that look askance at partial intestacy and instead favor absolute estates. *Arnold v. Barber, supra.*

*Decision will be entered for the petitioner.*