David C. BRODIE, Executor & Trustee, Etc., Appellants,

v.

Olive DeVATZ et al., Appellees.

Jeffrey STARKEY, an infant, and the unknown issue of Olive DeVatz, Appellant,

v.

Olive DeVATZ et al., Appellees.

Nos. 76–256 and 76–304.

Supreme Court of Kentucky.

Oct. 7, 1977.

David C. Brodie, Owensboro, pro se.

Mark L. Moseley, Owensboro, for appellant Jeffrey Starkey.

Ronald M. Sullivan, Owensboro, for appellees Olive DeVatz et al.

JONES, Justice.

This appeal involves the interpretation of a provision in the will of Hallie B. Hunt relating to the payment of federal estate taxes, state inheritance taxes, and the expense of administration.

The will was drafted by David C. Brodie on July 31, 1967. By provisions of the will, Brodie was named executor and trustee. Hallie B. Hunt died February 3, 1975, at the age of 86.

Brodie filed an action in the circuit court. He sought a declaration of his rights and duties as fiduciary. Several questions were involved. All of them were resolved and agreed on except this tax question:

Should the federal estate and Kentucky inheritance taxes on non-probate estate consisting of gifts in expectation of death or joint property with right of survivorship be borne by the estate or by the recipients of the non-probate property?

The trial court held that Brodie, as executor and trustee, should pay all federal estate taxes, state inheritance taxes and expenses of administration from the gross estate. Brodie was not satisfied with the trial court's judgment and prosecutes this appeal. He contends that the taxes and expenses should be borne by the recipients of what he designates as non-probate property.

Hallie B. Hunt was survived by two sisters, Olive DeVatz and Katherine MacGregor. She created a trust to each of the residue of her estate. The ultimate beneficiaries of the trust following the death of Olive and Katherine are "the issue of Olive DeVatz." At the time the matter was before the trial court, the issue of Olive DeVatz were a daughter who has three living

adult children and a grandson who was a minor. All of these were joined as parties defendant and were properly before the court. In their answer they requested the trial court to rule that federal and state taxes be paid by Brodie from the estate, rather than by Olive and Katherine from their inheritance.

The non-testamentary property on which federal estate taxes and state inheritance taxes are owed consists of jointly-owned certificates of deposit, U. S. Series E. Bonds in the name of Hallie or Olive and Hallie or Katherine. At the time of Hallie's death, the certificates and bonds were in her safety deposit box. She had received the income from them until her death. Also, Hallie had made gifts of certain interests in real estate to Olive and Katherine in expectation of death. These, of course, were subject to inheritance and estate taxes.

In construing the provision of Hallie B. Hunt's will relating to the payment of taxes and expenses, her intention should be determined from what she says in the will.

The pertinent part of the will relating to the question as to the payment of estate and inheritance taxes is as clear and as manifest as the nose on a man's face. Hallie's will provided: "I direct my fiduciary to pay all federal estate taxes, state inheritance taxes and expenses of administration out of my gross estate *prior to its distribution* as hereinafter provided." (Emphasis added).

This court has concluded that the rule adopted in the case of *University of Louisville v. Liberty Bank & Trust Co.*, Ky., 499 S.W.2d 288 (1973), is more applicable to the language of the will in this case and is dispositive of the issue presented.

The intention of Hallie B. Hunt is clear and concise. That intention is contained in the will, from the plain meaning of the words she expressed. She intended that Brodie, as executor and trustee, would pay federal estate, state inheritance taxes, and costs of administration from her gross es-tate prior to further distribution to the devisees.

The judgment is affirmed.

All concur.