Charles GILBERT, Ralph William Gilbert, Junius M. Gilbert, Alexander Gilbert, Thomas J. Gilbert, Arthur Gilbert, Milbert Gilbert, Elsie Wyatt, Catherine Stevenson, and Lena Metclafe, Appellants,

v.

James GILBERT, Etta Gilbert, Jerry Thompson, Arthur Gilbert and Lola Gilbert, Guardians of Eric Baker, an Infant, Albert C. Horton and Barbara B. Horton, Guardians of Albert Grey Horton II, an Infant, Albert C. Horton and Barbara B. Horton, Guardians of Alanson P. Horton, an Infant, James Thompson, and Jeffrey Thompson, Appellees.

Court of Appeals of Kentucky.

May 27, 1983.

As Modified June 17, 1983.

Carl J. Bensinger, Louisville, for appellants.

Lee C. Summers, William B. Peden, Ewen, Mackensie & Peden, P.S.C., Buel L. Cox, Louisville, for appellees.

Before HOGGE, PAXTON, and WILHOIT, JJ.

PAXTON, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court determining that a holographic instrument, consisting of two writings folded together inside a sealed envelope, was a codicil instead of a second and superseding will. Appellees are a brother of the testator, a niece and three nephews of the testator, and two beneficiaries unrelated to the testator. Appellants are the testator's sisters and remaining brothers.

Frank Gilbert died testate on June 5, 1979. Two writings were offered for probate: an eight-page typewritten instrument, prepared by an attorney, dated April 2, 1976, and the holographic instrument dated December 8, 1978. The "codicil" was written on the back of a business card and on the back of one of Frank's pay stubs. The card and stub were found folded together in a sealed envelope. On the back of the business card, Frank wrote: "12/8/78 Jim and Margaret I have appro $50,000.00 in Safe. See Buzz if anything happens [signed] Frank Gilbert". On the back of the pay stub, Frank wrote: "Jim & Margaret $20,000.00 the Rest divided Equally the other Living Survivors Bro. & Sisters [signed] Frank Gilbert 12/8/78". Written on the envelope is the following: "This day

12/8/1978 I gave to Jim and Margaret this card which I Stated what to do". "Jim and Margaret" are James Gilbert (one of the appellees) and Margaret Gilbert, brother and sister-in-law, respectively, of Frank Gilbert, the testator. The typewritten instrument and the holographic instrument were admitted to probate on September 4, 1979, the holographic instrument being admitted as a codicil.

Appellants subsequently brought a will contest action in Jefferson Circuit Court seeking to have the holographic instrument interpreted as a second and superseding will. After a hearing, the circuit court entered a judgment construing the second instrument as a codicil affecting only the money Frank kept in his employer's safe. This appeal is from that judgment. We affirm.

Appellants argue: (1) the separate holographic writings were not probated; (2) the court erred in admitting testimony contrary to KRS 421.210(2), the Dead Man's Statute; and (3) the separate holographic writings should have been construed as a second and superseding will instead of a codicil.

The trial court found as a fact that the two holographic writings were admitted to probate by the Jefferson Circuit Court. There being overwhelming evidence to support this finding, we cannot say it was clearly erroneous. CR 52.01; *Black Motor Co. v. Greene*, Ky., 385 S.W.2d 954 (1965).

It is not necessary for us to reach the issue as to whether testimony was admitted contrary to KRS 421.210(2) because we have not considered the testimony which might be rendered incompetent by the statute in reaching our decision on the legal effect of the holographic writings.

Appellants contend that the pay stub ("Jim & Margaret $20,000.00 the Rest divided Equally the other Living Survivors Bro. & Sisters") contains the only holographic writing that is testamentary in character; that it is a second will which wholly revokes the eight-page typewritten will; and that the language on the business card ("Jim and Margaret I have appro $50,000.00 in

Safe ...") is merely informational. This interpretation would eliminate James Gilbert from sharing in any portion of his brother's estate, except the $20,000.00 bequeathed to him and his wife, Margaret, in the "codicil". Appellees argue, of course, that the "codicil" pertains only to the money in the safe and that James takes both his share under the typewritten will and one-half of the first $20,000.00 of the money in the safe pursuant to the terms of the "codicil".

We must first determine which of the holographic writings are to be considered testamentary acts of Frank and then decide what he meant by what he wrote. *See Kirk v. Lee,* Ky., 402 S.W.2d 838, 839 (1966); *Reno's Ex'r v. Luckett,* Ky., 298 S.W.2d 674, 675–76 (1957). While it is true that both holographic writings are signed and dated, giving credence to the argument that Frank intended them to be separate documents, the fact that they were found folded together in a sealed envelope and are coherent in sense is sufficient to support the trial court's conclusion that the two writings should be considered as one. Frank begins the two-part instrument by identifying the property to be distributed (the money in the safe) and explaining how to gain access to it ("See Buzz"). He then proceeds, on the second sheet of paper, to distribute that property. These circumstances show the writings were "tacked together in the mind of the testator," and that is all the law requires for integration. 79 Am.Jur.2d *Wills* § 191 (1975); *see generally,* Annot., 38 A.L.R.2d 477, 495 (1954).

The second instrument was probated as a codicil, but because it does not refer to the typewritten will, we prefer to characterize it as a second will. A testator can have more than one will effective at the same time, each distributing part of the estate. In such a case the subsequent wills "perform the office of codicils". *Muller v. Muller,* 108 Ky. 511, 516, 56 S.W. 802, 803 (1900); *cf.* KRS 394.010 ("will" may mean "codicil"); KRS 446.010(35) ("will" includes "codicils"). We believe that to be the situation in this case: the second will serves as a codicil because it does not contain a revocation clause and only distributes part of the residuary estate.

The holographic will does not revoke the typewritten one. We think it is very unlikely that Frank intended to supplant the elaborate distribution of his estate contained in the eight-page typewritten will with a single phrase scratched out on the back of a pay stub. Furthermore, there is no revocation clause in the second will and Kentucky courts have consistently held that one testamentary instrument revokes another only if it is the clear intent of the testator to do so, and even then the revocation is only to the extent necessary. *E.g. Newell v. State Bank of Maysville,* Ky., 348 S.W.2d 916 (1961); *Stivers v. Mitchell,* Ky., 314 S.W.2d 569 (1958); *Robinson's Ex'rs v. Robinson,* 297 Ky. 229, 179 S.W.2d 886 (1944); *Breckinridge v. Breckinridge's Ex'rs,* 264 Ky. 82, 94 S.W.2d 283 (1936); *Jones v. Jones' Ex'r,* 198 Ky. 756, 250 S.W. 92 (1923). The second will in this case need only re-distribute part of the residue.

We must resolve Frank's intent by looking at the four corners of the two wills, *Kirk, supra; Hall's Adm'r. v. Compton,* Ky., 281 S.W.2d 906 (1955), and harmonizing any conflicting provisions to give effect to every provision of each instrument. *Stivers, supra; Compton, supra; Lane v. Railey,* 280 Ky. 319, 133 S.W.2d 74 (1939); *Breckinridge; supra; Muller, supra.* Here, it is easy to harmonize the two instruments. The only way to give effect to every provision of both instruments is to adopt the trial court's interpretation, to-wit: the two holographic writings comprise a second will that distributes only the money Frank kept in his employer's safe. It was not inconsistent for him to distribute, by a second will, a portion of his estate that would have passed under the residuary clause of the first will.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.